## Bowling v. Bourne et al.

March 7, 1939.

K. S. Alcorn, Judge.

C. C. BAGBY and THOMAS J. UNDERWOOD for appellant.

JOE E. ROBINSON and H. CLAY KAUFFMAN for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

For about forty years Ed Bourne and A. M. Bourne, brothers, owned and operated jointly a tract of about 210 acres between what is now Highway No. 52 and Dix River. County road No. 18½, opened in 1900, ran from the main road southwardly, thence through this land eastwardly, connecting with another county road. Several years before this controversy over a passway arose, the brothers entered into a contract of partition whereby about 120 acres south of this county road was allotted to A. M. Bourne and that north of it to Ed Bourne. But deeds were not made, and it appears the joint operation and use of the whole as one body of land continued. As the county road deteriorated and as a shorter way, the parties and their tenants drove diagonally through a field, a distance of about 150 yards, in going from one part to the other. This cut the corner where the county road turned from a southerly to an easterly direction. Both the brothers had died, and on May 7, 1935, deeds were exchanged between their widows and heirs in accordance with the

previous partition. That north of the county road, through which the short cut ran, became the property of Ed Bourne's widow and heirs. The other parcel had been sold to Mrs. Lura Bowling by the heirs of A. M. Bourne, and it was conveyed to her on the same day.

This suit was brought by Mrs. Bowling against Ed Bourne's widow and heirs, and the County Judge and the Road Engineer of Garrard County, alleging in substance and effect that this cut-off had become by prescriptive right a part of the county road and that it had been obstructed by Mrs. Bourne locking the gates at either end. It was alleged that the entire county road was in bad repair. A mandatory injunction was asked requiring the Bournes to open up the way and the county officers to have the obstruction removed and the road repaired so it could be used by the public with modern vehicles. Damages were also asked for its closing. The court required the plaintiff to elect and she chose to prosecute the suit against the Bournes. The petition as against the county officers was thereupon dismissed.

On plaintiff's motion the issue of whether the passway in controversy had been "uninterruptedly used by the public as a matter of right for over fifteen years next before its obstruction in December, 1936, and the amount of damages plaintiff is entitled to recover from the defendants for its obstruction," was submitted to a jury. The verdict was for the defendants. The plaintiff's motion to reject it and render judgment for her was overruled. Consistently, a judgment was entered dismissing the petition and adjudging that the plaintiff has no right of egress and ingress over the defendants' land and the claimed way was adjudged not to be a public road. Mrs. Bowling appeals.

We do not think it was error to require the plaintiff to elect. There was, as she alleged, a dedicated county road and a passway over private property. The county officers were not concerned with the latter and the owners of the servient estate were not legally concerned with the bad repair of the county road.

It is submitted that the court erred in not giving an instruction offered by the plaintiff. It was in substance that if the jury should believe from the evidence that the plaintiff owned the right of way by prescription they should find for her even though the jury believed the road had been shifted and changed in consequence

of wasting of the soil, or that there had been a deviation from the originally established county road. It had been pretty well shown by the evidence that the county road around the corner had become impossible of travel in a practical sense. As a matter of fact, there had been but little travel back that way, for there is little land between this point and Dix River, which is an effective barrier. It seems that those who lived back of this point principally travel another county road on which Mrs. Bowling's land abuts. This cut-off had been used principally by the Bournes. The evidence was conflicting whether the few neighbors and those who had occasion to go back there used it under a claim of right, but the stronger and better evidence sustains the finding of the jury, which was accepted by the chancellor. Certainly, it was not sufficient to afford the view that there was a change in a dedicated county road. So regardless of the nature of the proceeding—an issue out of chancery—the offered instruction had no evidence to support it.

We think the court also properly rejected testimony that Kinnard Bourne had represented to the plaintiff in selling her the land that there was a passway across this field. He was the administrator of A. M. Bourne's estate and representative of his heirs. It would seem obvious that his statements could not bind others who owned the land, and what he said or did was not material to the issue.

The judgment is affirmed.