# Buchanan v. Commonwealth.

March 11, 1947.

J. B. Johnson, Judge.

R. L. Brown and Joe S. Feather for appellant.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Reversing.

Robert Buchanan was jointly indicted with Dallas Hughes for the crime of grand larceny, and upon his

separate trial was convicted and his punishment fixed at confinement in the state reformatory for a period of two years. He seeks a reversal of the judgment on three grounds: (1) The trial court erred in overruling his motion for a directed verdict of acquittal; (2) incompetent evidence was admitted over his objections and exceptions; and (3) the trial court erred in failing to admonish the jury as to the purpose and effect of evidence concerning appellant's general reputation for truth.

Shortly before the indictment was returned on March 29, 1946, Evan Pennington, an undertaker, in answer to a death call, drove a motor vehicle, which he described as a combination ambulance and hearse, to a home in Billytown, a suburb of Corbin. He left the keys in the vehicle, and went into the home. About thirty minutes later he heard the motor of the ambulance and, rushing to the door, saw the ambulance being driven toward Woodbine. About two hours later it was found in a damaged condition in a ditch on the Woodbine-Wilton road. Odell Wilder, who operates a taxicab at Woodbine, testified that Dallas Hughes came to his place of business about 7 p. m. on the night the ambulance was stolen and asked to be driven to his home in Mitchell Crossing. Appellant also lives in Mitchell Crossing, which is in Knox county five miles from Woodbine. Wilder drove Hughes to Mitchell Crossing over the Woodbine-Wilton road, and on his return trip saw the Pennington ambulance in the ditch about 200 yards east of Woodbine. Appellant, who was standing 15 feet behind the ambulance, stopped Wilder and asked him to pull the ambulance out of the ditch. Wilder refused, and a few minutes later appellant appeared at the taxi stand and hired Wilder to drive him to his home in Mitchell Crossing. Appellant explained his presence at the scene of the wreck as follows: "I was coming down the highway on the other side of Woodbine from Corbin, coming back toward Woodbine, and the ambulance came up and stopped. I stopped, and I didn't know who it was, and they asked me if I wanted a ride, so I got in the ambulance and rode a little ways, and they asked where I was going, and I asked where they were going, and they said, 'After a body up at Wilton,' and they run the ambulance into the ditch there by Woodbine, and they said, 'You stay here and we will go in after a wreck-

er to pull the ambulance out, and if you see anybody come along, have them pull it out,' and I stopped Mr. Wilder and asked him about pulling the ambulance out."

He testified that two men were in the ambulance; that he did not know them, and would not be able to identify them if he saw them again.

It is a well-settled rule in this jurisdiction that possession of stolen property is sufficient to cast on the accused the burden of explaining his possession, and it is for the jury to say whether his offered explanation shall be accepted or rejected. Jacobs v. Commonwealth, 260 Ky. 142, 84 S. W. 2d 1; Phelps v. Commonwealth, 255 Ky. 655, 75 S. W. 217. Appellant gave an unusual explanation of his possession of the stolen property, and, in addition, his reputation for truth and veracity was assailed. Under the circumstances it was the province of the jury to determine whether or not his explanation was satisfactory, and it follows that the court did not err in overruling his motion for a directed verdict of acquittal.

The Commonwealth introduced as a witness Ike Buchanan, father of appellant, who was permitted, over appellant's objections, to testify that he paid to the owner of the stolen vehicle $200, the amount required to pay for the repairs. He testified that when he learned that his son had been accused of the theft, he paid the cost of repairing the vehicle out of his own funds without the knowledge or consent of his son. This evidence was incompetent and highly prejudicial. The acts or statements of third persons out of the presence of the accused are not competent evidence against him. Marcum v. Commonwealth, 282 Ky. 799, 140 S. W. 2d 387; Bennett v. Commonwealth, 175 Ky. 540, 194 S. W. 797. The act of appellant's father could be construed as an admission on his part of his son's guilt. Even in a civil proceeding, a party cannot be affected by the admission of a person not his agent or in privity with him. Bowling v. Bourne, 277 Ky. 758, 127 S. W. 2d 148.

The Commonwealth introduced in rebuttal J. L. Davis, sheriff of Whitley county. He was asked if he knew the reputation of appellant for honesty and integrity in the community in which he lived. An objection to the question was overruled, and the witness answered that the appellant's reputation in that respect was bad.

He was then asked what appellant's reputation for morality was in the community in which he lived, and, over appellant's objection, answered that it was bad. At the conclusion of J. L. Davis' testimony, appellant moved the court to exclude it and to admonish the jury not to consider it for any purpose. The motion was overruled, and the appellant excepted. The court failed to admonish the jury that the testimony of the witness Davis should be considered only for the purpose of affecting, if it did so, the credibility of the defendant as a witness. This was error. Appellant's objections and motion to exclude the testimony and for an admonishment was sufficient to call the court's attention to the character of the testimony and to require it to admonish the jury as to the effect to be given to it. Shell v. Commonwealth, 245 Ky. 223, 53 S. W. 2d 524; Atkins v. Commonwealth, 224 Ky. 126, 5 S. W. 2d 889. The objection to the question as to appellant's reputation for honesty and integrity should have been sustained, since he had not placed in issue that trait of character. By taking the witness stand he had merely placed in issue his credibility as a witness, and the inquiry should have been limited to his reputation for truth and general morality. As said in Smallwood v. Commonwealth, 289 Ky. 554, 159 S. W. 2d 401, 402: "* * * evidence concerning the character of the defendant when offered only for the purpose of affecting his credibility as a witness must not be confused with evidence concerning his character offered for the purpose of supporting an inference that he committed the crime for which he is on trial. The general character of the accused and his disposition to commit crime may not be introduced in evidence against him as ground for presuming guilt, Snapp v. Commonwealth, 82 Ky. 173, 6 Ky. Law Rep. 34; Robertson's New Kentucky Criminal Law and Procedure, second edition, section 1838, page 1932, unless the accused has introduced testimony of his good reputation as ground for the presumption of innocence." See also Shell v. Commonwealth, 245 Ky. 223, 53 S. W. 2d 524, and cases therein cited.

Section 597 of the Civil Code of Practice, applicable in criminal cases, provides that a witness may be impeached by evidence that his general reputation for untruthfulness or immorality renders him unworthy of belief. Evidence introduced for the purpose of affecting

the defendant's credibility as a witness is directed to the time he testifies and a reasonable period theretofore. Shell v. Commonwealth, supra.

The judgment is reversed with directions to grant appellant a new trial.