JOHNSON, Plaintiff in error, vs. THE STATE, Defendant in error.

*January 21—February 15, 1949.*

322

*J. E. O'Brien* of Fond du Lac, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General* and *William A. Platz,* assistant attorney general, and *Jerold E. Murphy,* district attorney of Fond du Lac county, and oral argument by *Mr. Platz* and *Mr. Murphy.*

FAIRCHILD, J.   The defendant on his appeal contends that the trial court erred in several particulars: (1) In overruling the plea in abatement because of no preliminary examination and no waiver of it; (2) in refusing to quash the information and to require the prosecution to elect between two alleged contradictory counts in the information; (3) in imposing a determinate sentence of two years imprisonment in Waupun; (4) in finding the defendant guilty on the evidence.

(1) The point sought to be made that there was no preliminary examination is without merit.   The record shows that a preliminary examination was held.   At that time the district attorney pointed out that all the facts had been brought out since the first complaint charging an attempt to commit a felony was lodged.   He asked that the first complaint be dropped and the proceeding be on the second complaint which charged the offense of taking improper liberties with the minor boys.   On the objection of the defense attorney, the motion was denied.

It appears, then, that defendant's criticism is directed to the fact that no preliminary examination was held expressly on the complaint charging the commission of the crime. Defendant contends that without an examination devoted to that complaint the district attorney could not charge that crime in the information. It is well settled that this is not the law. In *State ex rel. Kropf v. Gilbert,* 213 Wis. 196, 201, 251 N. W. 478, this court stated:

". . . it must be noted that under sec. 355.17, Stats., a district attorney, in filing an information, is not restricted to the crime stated in the complaint made before the examining magistrate, but that he may file an information setting forth the crime committed according to the facts ascertained on such examination, whether it be the offense charged in the complaint upon which the examination was had or not."

See also *Dahlgren v. State,* 163 Wis. 141, 157 N. W. 531; *Bianchi v. State,* 169 Wis. 75, 171 N. W. 639; *Faull v. State,* 178 Wis. 66, 189 N. W. 274; *Hobbins v. State,* 214 Wis. 496, 253 N. W. 570; *State ex rel. Dinneen v. Larson,* 231 Wis. 207, 284 N. W. 21, 286 N. W. 41; *State v. Neukom,* 245 Wis. 372, 14 N. W. (2d) 30.

(2) Contrary to defendant's contention it is accepted practice to charge both the attempt and the commission of the crime in the information. 31 C. J., Indictments and Informations, p. 782, sec. 345, note 65; 42 C. J. S., Indictments and Informations, p. 1141, sec. 180, note 92; sec. 355.14, Stats.; *Gutenkunst v. State,* 218 Wis. 96, 259 N. W. 610; 27 Am. Jur., Indictments and Informations, p. 687, sec. 129; sec. 357.09, Stats.

As a matter of good pleading an error does appear in the information: There is duplicity in the first count in that it charges two distinct crimes, one relating to Richard and the other to Ronald. The error, however, is not considered prejudicial. The trial and conviction on both counts is in this case to defendant's advantage. The only way in which the

error could result in injury or prejudice to the defendant would be in the admission of evidence which otherwise would have been excluded. The record shows that no unfair or improper evidence was admitted because the two crimes were charged in the same information. The same evidence properly would be used to establish either crime; the same witnesses would have testified. There has been no legally prejudicial effect on the defendant's defense because of the error. *Cornell v. State,* 104 Wis. 527, 80 N. W. 745; *Herde v. State,* 236 Wis. 408, 295 N. W. 684.

(3) Defendant's third contention is taken care of by sec. 359.05, Stats., which provides in part:

"If, through mistake or otherwise, any person shall be sentenced for a definite period of time for any offense for which he may be sentenced under the provisions of this section, such sentence shall not be void, but the person shall be deemed to be sentenced nevertheless as defined and required by the terms of this section."

(4) There remains the problem of whether the evidence is sufficient to sustain a conviction of guilty. Two questions are presented here : (1) Was there a crime committed, and (2) was the defendant the person who committed it?

On the question of such a crime being committed, the defendant suggests that the boys probably made up the story to cover up for being late. His main basis for this is the fact that the two boys added facts to their story between the time the incident was first reported to the police and the preliminary examination.

The evidence does not support this theory. In the first place, the boys were not late. Their father testified to that. They were not scolded for being late. They were scolded for riding with a stranger. In the second place, at the trial both boys were very firm about a man having given them the ride and having actually touched them. Both gave

the route taken in detail; Richard gave it on the way out and on the way back. Both gave bits of the conversation between them and the stranger, such as that Richard gave in his testimony: "And then he said, 'Does that feel good?' and I said, 'No.' " In the record there is other evidence and testimony corroborating that of the boys, but it is unnecessary to discuss it here. The trial court was clearly warranted in finding that the crime had actually been committed.

The second question is: Was the defendant the person who committed the crime? An examination of the testimony requires us to uphold the trial court on this point also. The boys described the defendant generally but definitely. The description coupled with the fact that the boys picked him out on a number of occasions as the man who had given them the rides was sufficient identification. Both boys were young and easily confused on cross-examination. But a reading of the testimony in context shows that they were consistent in maintaining that the defendant was the man.

Defendant also complains of the admission of hearsay evidence on Richard's identification of the defendant through the one-way glass at the police station. Marvin Boede, the police officer who was present, testified: "And I picked him [Richard] up and raised him up because the glass is a little too high for him, and he pointed this Mr. Johnson out as the man who had him in the park." This is not hearsay evidence. Mr. Boede was testifying to something he saw, something Richard did in his presence. He was relying on what he observed and not what the boy told him..

*By the Court.*—Judgment affirmed.

BROADFOOT, J., took no part.