**Dennis JOHNSON et al., Appellants,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 23, 1956.

Rehearing Denied May 18, 1956.

Harry M. Caudill, Whitesburg, for appellants.

Jo M. Ferguson, Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellee.

CAMMACK, Judge.

The appellants, Raymond, Dennis and Nathan Johnson, who are brothers, were convicted of grand larceny and sentenced to one year in prison. The Johnsons were charged with the theft of certain tools of the approximate value of $100 belonging to the Carbon Glow Coal Company. They contend the judgments should be reversed because there was insufficient evidence to support the jury's finding of guilt.

It is undisputed that the tools were stolen. Rankin Blair, a witness for the Commonwealth, testified that the three appellants and Maxwell Oliver, a juvenile, drove to his service station in a car owned by the appellants. One of the appellants asked Blair if he wanted to buy some tools. Although he stated, at first, that he did not need them, Blair offered $5.00 for the tools. One of the appellants then said the tools were sold. Oliver gave the tools to Blair, who handed the $5.00 to Oliver.

The appellants testified that they did not know the tools were stolen. They said Oliver's father had bought the tools from James Adams, and a person unidentified at the trial, with $8.00 which he had borrowed from the appellants' father. According to their story, Oliver's father gave the tools to him and told him to sell them if he could find a buyer. The appellants refused to buy the tools, but took Oliver to Blair's service station where the sale was made.

We think the evidence was sufficient to establish that the appellants had possession of the stolen goods. We have held consistently that possession of stolen

property is prima facie evidence of guilt of larceny, and upon proof of possession the burden shifts to the defendant to explain how he came into possession of the. property. Dawes v. Commonwealth, Ky., 281 S.W.2d 901; Warren v. Commonwealth, Ky., 256 S.W.2d 368; Walker v. Commonwealth, 309 Ky. 217, 217 S.W.2d 213; Buchanan v. Commonwealth, 304 Ky. 225, 200 S.W.2d 459. See also Martin v. Commonwealth, Ky., 276 S.W.2d 19, a case' involving the sufficiency of proof on a charge of "knowingly receiving stolen goods." In the Buchanan case it was held that it was for the jury to determine whether the offered explanation should be accepted or rejected. We think the issue of the appellants' guilt in the case before us was a question'for the jury.

The judgment is affirmed.