**Don KINDER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 18, 1957.

Sanders & Redwine, Pikeville, for appellant.

Jo M. Ferguson, Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

MONTGOMERY, Judge.

Don Kinder, the appellant, and Hayes Kinder, his father, were jointly indicted for

grand larceny of certain personal property of the value of $425 belonging to the Bevander Coal Corporation. On a separate trial, appellant was convicted and sentenced to a year's confinement in the state reformatory. He alleges as grounds for reversal of the judgment that: (1) Incompetent evidence was admitted; (2) the evidence was insufficient to sustain the verdict; and (3) the court failed to instruct the jury properly.

John C. Nicewander, vice president of the coal company, testified to the loss of the missing property. He said that he recognized a part of the stolen property in a load of scrap on a truck parked at a service station. The truck was being operated by the Kinders. Hayes Kinder was asked where he obtained a radiator, purportedly a part of the stolen property. He answered that he bought it from a boy on Hackney's Creek, but was unable to recall his name or to describe his appearance.

The truck left the service station. The state police was furnished a description of the truck and its license number. It was later stopped by the police, but the stolen property was missing. The items of stolen property recognized by Nicewander were located later by the officers underneath a shack about 200 feet from the service station.

Appellant objected to the introduction of the following testimony by police officers as being inadmissible hearsay:

"We started home with this little boy and we was up at Millard, Junction 80 and 460, going east toward Grundy, and we got to talking to this boy and—

\* \* \* \* \* \*

"Did you have information that the stuff could be found there?

"Yes, sir, I did.

\* \* \* \* \* \*

"Sergeant Cornette, did anyone point out to you where this radiator could be found?

"Yes, sir, they did.

\* \* \* \* \* \*

"Who did that?

"This small Kinder boy that I was taking home.

\* \* \* \* \* \*

"Is that the same child that was with the defendants at the time you stopped the truck and took them in custody?

"Yes, sir.

\* \* \* \* \* \*

"Who pointed out where you could find the radiator at the building there, if anyone?

"This little Kinder boy."

The officers were not permitted to say what the little boy had said.

The boy referred to was identified as Danny Hackney, five years of age, the child of appellant's sister. He had been with the Kinders in the truck and had been taken home by the officers after the arrests. At the time of the trial, the child was purportedly in Ohio.

 The objectionable testimony admitted is not hearsay. Hearsay has been defined as evidence which derives its value not solely from the credit to be given to the witness upon the stand but, in part, from the veracity and competency of some other person. The hearsay rule signifies a rule rejecting assertions offered testimonially which have not been in some way subjected to the test of cross-examination under oath. It is an extra-judicial testimonial assertion which may be either written or spoken. The theory of the rule is that the many possible deficiences, suppressions, sources of error and untrustworthiness, which lie underneath the bare untested assertion of a witness, may be best brought to light and exposed by the fundamental test of cross-examination. 5 Wigmore, Evidence, Sections 1361–1362, pages 2 and 3; Sections 1395–1397, pages 122–127; 31 C.J.S. Evi-

dence §§ 192, 193, page 919; 20 Am.Jur., Evidence, Section 451, page 400; Davis v. Bennett's Adm'r, 279 Ky. 799, 132 S.W.2d 334.

The statements objected to were made subject to cross-examination and were based upon personal knowledge. The officers were testifying to what they had seen and heard. Similar testimony has been held admissible. Johnson v. State, 254 Wis. 320, 36 N.W.2d 86. No merit is found in the objection to the testimony because of the age of the child since the child did not testify, and for the further reason that the child's age would not necessarily have rendered his testimony incompetent. The competency of an infant as a witness is determined by the witness' intelligence. Roberson's Criminal Law, Section 1843, page 1959.

The possession of stolen property is prima facie evidence of guilt of larceny, and upon proof of possession, the burden shifts to the accused to explain how he came into possession of the property. Tinsley v. Commonwealth, Ky., 261 S.W.2d 11, certiorari denied 346 U.S. 813, 74 S.Ct. 22, 98 L.Ed. 340; Johnson v. Commonwealth, Ky., 289 S.W.2d 736, and cases cited therein. There was ample evidence to support the verdict.

Appellant urges that he was entitled to a separate instruction embodying his theory of defense, which was that he did not take, steal, or carry away the articles and had no knowledge of their theft. He relies upon Monson v. Commonwealth, Ky., 294 S.W.2d 78, and Noble v. Commonwealth, Ky., 295 S.W.2d 343. The defense offered by the appellant is nothing more than a traverse of the charge which does not entitle him to a specific instruction, as in the case of confession and avoidance in the Monson case. In the Noble case, the defense was by way of confession and avoidance. Neither case sustains appellant's contention.

Judgment affirmed.