Jack WOMBLES and Melvin Wombles,
Appellants,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 24, 1958.

Pleaz Wm. Mobley, Manchester, for appellants.

Jo M. Ferguson, Atty. Gen., Seth T. Boaz, Jr., Asst. Atty. Gen., for appellee.

STANLEY, Commissioner.

The jury convicted the appellants, Melvin Wombles and Jack Wombles, of grand larceny and fixed their penalty at two years' imprisonment; but Jack Wombles, being only 16 years old, was committed to the custody of the Department of Welfare for an indeterminate period, not to extend beyond his twenty-first birthday.

The appellants contend there was no evidence that any property was stolen by them since none was carried away. They contend that if any was stolen, the value thereof was not proven; hence, they were entitled to a directed verdict of acquittal. An additional ground for reversal is that in any event the court should have given a petit larceny instruction.

About eleven o'clock one night in July, 1957, the two defendants were seen going into a drift coal mine which belonged to Thomas Collongton. Some 3,000 to 4,000 pounds of copper wire had been previously stolen from the mine. The wire had been "pulled" and put in a pile to be used elsewhere. On this occasion the owner and an employee were on watch. After the accused had gone into the mine, the employee went for police officers while the owner remained

there. He saw the two defendants coming out, pulling two pieces of wire. When he called upon them to halt, they went back into the mine. Then he and two other men went inside and found the defendants about 500 feet back, lying behind a slate fall. They were brought out and put under arrest. A state police officer testified that an automobile which had been licensed in the name of the defendant, Melvin Wombles, was parked about 150 feet from the mine and had wire cutters; an ax and several wrenches in the trunk. Some days later this officer, with the defendants' father, went to the jail; and one of the defendants, in the presence of the other, stated they were at the mine that night to get a job. The string of wire had been dragged by the defendants 500 to 1,000 feet from where it had been piled up, and about 100 feet of it was outside the mouth of the mine.

On the question of value, the owner testified the defendants had in their possession 348 feet of trolley copper wire, which he valued at $87.

The older defendant, Melvin Wombles, 22 years old, testified he had heard from a friend at a picture show that night that the mine had been worked out and abandoned, and he had his brother had gone there looking for worthless scrap or junk. While he was a coal miner by trade, he had been buying and selling copper wire. He and his brother went to the mine but did not touch or take anything since they saw the mine had not been worked out. As they were coming out, they were halted by two men with guns; and being scared, they ran back into the mine where they went to sleep. They had no intention to steal anything. The other defendant, Jack Wombles, 16 years old, told the same story.

■ Our statute, KRS 433.220, fixes the penalty for larceny but does not define the

offense; hence, resort must be had to the common law for definition. An acceptable definition is this: "Larceny is the wrongful and fraudulent taking and carrying away, by trespass, by any person, of the mere personal goods of another, from any place, with a felonious intent to convert them to his own use, and make them his own property, or to deprive the owner permanently of his property, without the owner's consent." Roberson, Kentucky Criminal Law, § 806; Caldwell's Kentucky Judicial Dictionary, p. 1912.

■ The jury could readily find the criminal intent from the circumstances proven by the Commonwealth. For the completion of the crime it was essential that the parties took possession of the property for an appreciable time, however short. Asportation, or a criminal "taking and carrying away," is an essential element. But asportation need not be. removal from the owner's premises. All authorities, both ancient and modern, hold that the first act of removal or the least removal of a thing from the place it was located is a sufficient asportation to complete the offense of simple larceny. It is the very first act of removal of the property with the intent to steal it that controls. Roberson, Kentucky Criminal Law, § 815; Adams v. Commonwealth, 153 Ky. 88, 154 S.W. 381, 44 L.R.A., N.S., 637; Commonwealth v. Metcalfe, 184 Ky. 540, 212 S.W. 434. The evidence of the Commonwealth proved all the essential elements of the crime, and the jury chose to believe that evidence rather than the testimony of the two defendants.

Since the only evidence of value was that the wire was worth $87, and there was no evidence tending to show any other value, an instruction on petit larceny was not required.

The judgment is affirmed.