Charles Eugene GOEHRING, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Sept. 20, 1963.

Ragland & Miller, Owensboro, Kenneth N. Ragland, Calhoun, John D. Miller, Owensboro, for appellant.

John B. Breckinridge, Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

Charles Eugene Goehring appeals from a judgment imposing a 21-year sentence upon a conviction of armed assault with intent to rob.

Counsel employed by the family of prosecuting witness was permitted to assist in the prosecution, his assistance being limited to sitting at the prosecution counsel table and advising with the Commonwealth's attorney. Appellant concedes that the present rule in this jurisdiction permits such assistance but he argues that the rule should be changed or at least should be qualified by a requirement of advance notice to defense counsel. No persuasive reasons why the rule should be changed are presented. As concerns the suggested qualification, we do not see any particular benefit that would accrue from the giving of advance notice that employed counsel will assist in the prosecution.

At times during the trial a brother of the prosecuting witness sat at the prosecution counsel table and conferred in whispers with the prosecuting counsel. The brother was an attorney and was judge pro tem. of the local county court.

Appellant argues that the participation by the brother was prejudicial, particularly since the brother held a judicial office. Whether prejudice could have resulted from this is a matter of mere speculative possibility. In our opinion there is not a sufficient probability of prejudice to warrant reversing the judgment.

The prosecuting witness testified that during the course of a ride in the appellant's car the appellant drew a gun on him and demanded $20,000 under threat of death to the witness and of bodily harm, by confederates of the appellant, to the children of the witness. He testified that the appellant seemed to have detailed knowledge of the ages of the children, where they attended school, the times of their going to and returning from school, and the going and coming habits of the family generally. The witness also testified that he had seen the appellant driving back and forth in front of the home of the witness on the morning of the day of the assault, and that the appellant had followed the witness in his car when the witness drove to work that morning. Some relatives and neighbors of the prosecuting witness then were permitted to testify, over objection, that on numerous occasions prior to the day of the assault they had seen the appellant driving back and forth, or around the block, past the house of the prosecuting witness. The appellant maintains that it was prejudicial error to admit the latter testimony. He argues that the testimony did not tend to show a continuing plan or intent to commit the charged assault, it was therefore not relevant, and it had a prejudicing effect.

 In our opinion the testimony was relevant as corroboration of the testimony of the prosecuting witness that the appellant had detailed knowledge of the movements of the family of the prosecuting witness and made threats of harm to the children. The threats made by the appellant at the time of the assault were an essential part of the offense. We think that evidence of prior conduct of the appellant tending to show a plan of preparation for the making of such kind of threats was admissible.

After the appellant had testified in his own defense the Commonwealth introduced witnesses who testified that his reputation for truth and veracity was bad. Some of the questions asked these witnesses concerned the reputation of the appellant immediately prior to the day of the charged offense. The appellant argues that it was error to admit evidence of reputation at the time of the offense as distinguished from the time of the *trial* (which was nine months after the offense).

 The rule is that evidence affecting the defendant's credibility as a witness must be directed to the time he testifies and a reasonable period theretofore. Buchanan v. Commonwealth, 304 Ky. 225, 200 S.W.2d 459; Shell v. Commonwealth, 245 Ky. 223, 53 S.W.2d 524. However there is a qualification of the rule in that if it appears that the bad reputation at the time of trial grew out of the commission of the offense for which the accused is on trial, the evidence is not admissible. Frith v. Commonwealth, 288 Ky. 188, 155 S.W.2d 851.

 There is always danger of a defendant's reputation for credibility at the time of his trial being affected by the circumstances of the offense and the fact of his having been charged with the offense. See Gabbard v. Commonwealth, 159 Ky. 624, 167 S.W. 942. It may be impossible in some instances to show that these factors did influence the reputation, in which case the defendant would have no protection against the evidence. For this reason we think the courts should not be too strict in measuring what constitutes a reasonable time in determining whether evidence of reputation at a time prior to the trial should be admitted. Under the particular circumstances of this case it is our opinion that the time as of which the witnesses said the defendant's reputation was bad

(nine months before the trial) was within a reasonable period prior to the trial, under the rule.

■ The appellant is not entitled to claim error of the trial court in failing to admonish the jury that the testimony concerning his bad reputation could be considered only as affecting his credibility, because appellant did not ask for an admonition. Lewis v. Commonwealth, Ky., 357 S.W.2d 31.

■ Appellant complains of a remark made by the Commonwealth's attorney, in his closing argument, to the effect that he (the attorney) had children in the same neighborhood as the prosecuting witness and that he "wouldn't want the defendant messing with his children." It appears that an objection was made before the attorney finished the remark and nothing further was said along this line. In our opinion this remark was not so calculated to inflame or arouse the passion of the jury as to be prejudicial.

The judgment is affirmed.