**William SMALLWOOD, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 28, 1969.

Alva A. Hollon, Hollon & Hollon, Hazard, for appellant.

John B. Breckinridge, Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, for appellee.

WADDILL, Commissioner.

Appellant was convicted on two indictments charging him with grand larceny. One indictment accused him of taking and carrying away, by trespass, with the felonious intent to convert to his own use certain truck tires worth $700 from the Salyersville Trucking Company and the second accused him of taking a radio and other equipment worth $3000 from the East Kentucky Paving Company. KRS 433.220. This appeal is taken from a judgment fixing his punishment at confinement in the penitentiary for four years. The Salyersville Trucking Company will hereinafter be referred to as the Trucking Company and the East Kentucky Paving Company will hereinafter be called the Paving Company.

The grounds for reversal are that the crime of larceny was not proven and that the verdict is flagrantly against the evidence. We find no merit in either contention.

The buildings housing the offices of the Trucking Company and the Paving Company were forcibly entered during Thanksgiving Day, 1967. Property taken included adding machines, a two-way radio system, tires, tubes, tools, and a tarpaulin. An investigation was conducted by detective Hubert Jarvis of the Kentucky State Police.

After the break-in occurred appellant was arrested for reckless driving. In the open bed of the truck he was driving were tools that matched the description of those stolen from the Paving Company. Appellant was arrested and a search warrant was obtained authorizing a search of his residence. Only the stolen tarpaulin was found on appellant's premises. However, the officers discovered almost all of the other goods that were stolen from the Trucking Company and from the Paving Company secreted on a lot located about 300 feet from appellant's residence. There were no other dwelling houses in this neighborhood.

At the trial Detective Jarvis testified that the tools found in appellant's truck, the tarpaulin found on appellant's premises and the tires and other articles that were found nearby were identified as having been stolen from the Trucking Company and the Paving Company.

Appellant denied that he had broken into or had stolen goods from the Trucking Company or the Paving Company. Appellant testified that tools found in the bed of his truck belonged to him and that they had not been stolen. When appellant was asked why he had driven his truck so fast and recklessly in trying to elude Detective Jarvis, he replied that he was "on parole and a parole violator" and he thought Detective Jarvis was "the F.B.I." and that he did not want to get "caught on a parole violation."

Appellant contends there is no evidence that he "carried away a single item that was listed on either of the indictments." We consider this argument to mean that the Commonwealth failed to prove an asportation of the goods by appellant, that is, that the property stolen was carried away which is essential in establishing a severance of the goods from the possession of the owner. Wombles v. Commonwealth, Ky., 317 S.W.2d 169.

A "taking and carrying away," in the sense of the law applicable to larceny, consists of removing the goods by trespass from the place where found by the thief. This element of the crime may

be established by merely showing that the thief had control of the stolen property for a second. Wombles v. Commonwealth, supra; Roberson's New Kentucky Criminal Law and Procedure, Section 815, pages 1022–1026.

■ It is undisputed that certain tools, a tarpaulin, tires and other goods were stolen and removed from the offices of the Trucking and Paving Companies. Detective Jarvis testified that the stolen tools and the stolen tarpaulin were found in appellant's possession. There was also testimony that the other stolen goods were found secreted on a lot located in a neighborhood where appellant resided. All of the essential elements of the crime of larceny were established. The direct and circumstantial evidence incriminated appellant so the issue of his guilt or innocence was properly submitted to a jury to resolve. Kinder v. Commonwealth, Ky., 306 S.W.2d 265 and Johnson v. Commonwealth, Ky., 289 S.W.2d 736.

We are unwilling to hold that the verdict is flagrantly against the evidence. In fact, there is no reasonable basis for this contention.

The judgment is affirmed.

All concur.