**Haskeu TAYLOR, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 16, 1969.

As Modfied on Denial of Rehearing
Sept. 19, 1969.

motion and grounds for a new trial; (3) there was misconduct of a juror entitling him to a new trial; and (4) competent evidence offered by appellant was rejected.

We briefly state the agreed facts. Appellant went to Lunsford's Grocery Store in Shelby City, Boyle County, Kentucky, on October 26, 1966, to buy groceries. While there, he saw Bill Lemay pay for groceries and get some change. Claiming that Lemay owed him $2, he demanded his money. Appellant had an unconcealed pistol in a holster on his belt. When Lemay refused to pay with a promise to pay "later," appellant said, "No you won't, you'll pay me right now," extending his hand to receive the "filthy lucre." Lemay slapped appellant's receptive hand out of the way, whereupon the two started to grapple and wrestle.

About this time, Kenneth Preston, a friend of Lemay, entered the fracas, and he and appellant "went round and round" so to speak, until Preston was shot in the shoulder by appellant. Appellant's version is that he was attempting to strike Preston with the pistol purely as a defensive measure, and that he entertained no malice toward or intent to kill Preston.

James G. Begley, Danville, for appellant.

John B. Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., Frankfort, for appellee.

We may quickly answer appellant's first contention that he was entitled to a directed verdict by quoting this excerpt from the evidence of Preston:

EDWARD P. HILL, Judge.

Appellant was convicted of the crime of malicious shooting and wounding with intent to kill (KRS 435.170) and was given five years in prison.

As grounds for upsetting the verdict and the judgment entered thereon, appellant argues that: (1) he was entitled to a directed verdict; (2) the successor judge who did not participate in the trial was not "capable of using a discretion" in ruling on his

"Q 57 Mr. Preston, you don't want to tell this jury, or you are not trying to tell this jury that at the time that first shot fired that Mr. Taylor was trying to point this gun toward you?

"A Yes, sir, he was.

"Q 58 Or was he using it as a weapon on you?

"A Yes sir.

"Q 59 Well, which—was he using it as a weapon to strike you with?

"A Well, he had been, then, I guess, he was going to shoot me, which he did."

It may also be noted in this connection that appellant admitted he had been previously convicted of a felony, which of course could have had an important bearing on his credibility and on the weight to be given his version by the jury. We have no difficulty in concluding that appellant was not entitled to a directed verdict.

Appellant next presents a more serious question concerning the ruling on his motion and grounds for a new trial by a judge other than the one who tried the case, the presiding judge at the trial having died before ruling on the motion and grounds.

The successor judge had authority under RCr 11.32 to perform "the duty" of passing on appellant's motion and grounds, but the rule contemplates that if the successor judge "is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may in his discretion grant a new trial." This section of our Criminal Code is identical with rule 25 of the Federal Rules of Criminal Procedure, which was interpreted in Connelly v. United States, 249 F.2d 576, wherein the Eighth Circuit Court of Appeals recognized that "there might well be a criminal case in which the testimony would be of such a character that a successor judge could not fairly pass upon the questions" presented in a motion and grounds for a new trial. However, the court held in Connelly, *supra,* that the successor judge was fully qualified to pass on the motion and grounds for a new trial in a case involving a jury trial that lasted over five weeks.

In the present case the record is silent as to what was presented to the successor judge, either in the form of argument of counsel, or by reference to the court reporter's notes. We have carefully read the record and find that there was abundant evidence to support the verdict. Therefore there was no prejudice to appellant.

The nature of the questions presented in a motion and grounds for a new trial may be important in determining whether a successor judge can or should rule thereon. For instance, appellant's second argument in his motion and grounds for a new trial asserted that Preston, the prosecution witness, told one Earl Record, while the two were in jail, that he, Preston, was not going to prosecute appellant because the shooting was an accident. This was shown by an affidavit from Earl Record. This argument was first presented after the trial and was not supported by the trial record, but by affidavit filed after trial. Here the successor judge was obviously qualified to try the question.

Before leaving appellant's second argument for a new trial, it should be stated here that in addition to Preston's evidence in the hands of the court reporter contradicting Record's affidavit, the Commonwealth also filed the affidavit of Preston, in which he contradicted Record's affidavit. Appellant contends the Commonwealth filed Preston's affidavit 30 days after the filing of Record's affidavit. There are two reasons the late filing of Preston's affidavit affords no relief to appellant. First, he did not object to the late filing; and second, the court had available Preston's testimony. Furthermore, the only effect of Record's evidence as shown by his affidavit was to affect the credibility of Preston's evidence, and the circumstances without Preston's evidence justified the jury in concluding that the shooting was not accidental, but to the contrary was done maliciously and intentionally. In Porter v. Commonwealth, Ky., 435 S.W.2d 756 (1968), it was said:

"[N]ewly discovered evidence * * * in order to warrant a new trial, must be of such a decisive value or force that it would, with reasonable certainty, have changed the verdict or * * * would probably change the result if a new trial be granted."

Appellant's third argument for a new trial likewise presented a question that

arose after the trial further indicating that the successor judge was peculiarly qualified to rule on same. The third argument is that one of the jurors stated to Joe Winfrey after the trial that he, the juror, was not going to give appellant a "little fine and jail sentence because he didn't get enough time in the Charlie Martin Case." As in the second ground, the Commonwealth filed the affidavit of the juror 30 days after the filing of Winfrey's affidavit by appellant. Again appellant did not object to the late filing. It would not comport with fair rules for appellant to allow (by not objecting) the trial court to consider countervailing affidavits in the trial court and then come to this court and demand that we disregard them. We consider appellant's third ground for a new trial as presenting an issue of fact as to the juror's bias, or lack of it, which was resolved by the successor judge contrary to appellant's position. We find no basis for disregarding the trial court's resolution of this question.

Appellant's final argument in this court relates to evidence of one Virgil Galloway concerning the "reputation" of Bill Lemay, one of the witnesses for the Commonwealth. The reputation witness admitted he did not know where Lemay had resided the previous two years or what his reputation was in the community of his current residence.

The general rule is that impeaching testimony must be directed to the time of testimony or within a reasonable time theretofore, though the court should not be too strict in measuring the previous time in determining credibility. See Goehring v. Commonwealth, Ky., 370 S.W.2d 822. Considering the fact that Galloway's familiarity with Lemay's reputation was questionable at best, we think the trial court's admonition to disregard his testimony, if erroneous (which we do not decide), was not prejudicial. Cf. RCr 9.26.

The judgment is affirmed.

All concur.