Douglas **FAUGHN**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 15, 1970.

George O. Eldred, Princeton, for appellant.

John B. Breckinridge, Atty. Gen., Douglas E. Johnson, Asst. Atty. Gen., Frankfort. for appellee.

MILLIKEN, Judge.

Appellant was convicted of grand larceny, an offense denounced by KRS 433.220, and sentenced to serve two years in the state penitentiary. The sole ground

urged to reverse his conviction is that the evidence is insufficient to take the case to the jury and to sustain the conviction. Hence, it is contended that the trial court erred in overruling appellant's motion for a directed verdict of acquittal.

The evidence introduced in behalf of the Commonwealth established that a tool box containing a set of tools worth over $100.00 was stolen from Paul Sharp. Subsequently Sharp located these tools in a pawn shop and learned from the owner of the shop that appellant was the person who had pawned them. It was further shown that appellant was Sharp's neighbor and knew that Sharp kept his tools in a school bus which the latter drove and maintained.

Appellant admitted that he had pawned the tools. However, he testified that he found the tools in some weeds alongside the road between his and Sharp's residence and, since appellant's father owned tools similar to the ones he found, he took the tools home with him. Appellant testified that when he learned the tools did not belong to his father he had pawned them to obtain some cash. Appellant further testified that on the night the tools were stolen from Sharp he had been at home with his mother and father. His testimony concerning his whereabouts upon the night of the alleged theft was supported by his parents.

■ It is undisputed that appellant was in possession of the stolen goods. We have held consistently that possession of stolen property is prima facie evidence of guilt of larceny; upon proof of the possession, the duty to present testimony shifts to the accused to satisfactorily explain his possession of the stolen property. Smallwood v. Commonwealth, Ky., 438 S.W.2d 334; Johnson v. Commonwealth, Ky., 289 S.W.2d 736 and Buchanan v. Commonwealth, 304 Ky. 225, 200 S.W.2d 459. The evidence incriminated appellant. The issue of guilt or innocence was prop-

erly submitted to the jury to resolve. Kinder v. Commonwealth, Ky., 306 S.W.2d 265.

■ We conclude that the evidence was amply sufficient to take the case to the jury and to support its verdict. Consequently, there is no reasonable basis for the contention that appellant was entitled to a directed verdict of acquittal.

The judgment is affirmed.

All concur.

NEIKIRK, J., not sitting.