Joseph Reddy FIBLE, John Claude Riggs, and John Vincent Donnelly, Appellants,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 23, 1970.

Rehearing Denied Jan. 29, 1971.

John David Cole, Harlin, Parker, Ricketts, Lucas & English, Bowling Green, for appellants.

John B. Breckinridge, Atty. Gen., Douglas E. Johnson, Asst. Atty. Gen., Frankfort, for appellee.

EDWARD P. HILL, Jr., Chief Justice.

Appellants appeal from a judgment finding them guilty of cattle stealing (KRS 433.250). Two indictments were returned against appellant Joseph R. Fible, and four separate indictments were returned against appellants John V. Donnelly and John C. Riggs. The total penalties fixed by the jury for each defendant were four years. We affirm.

The indictments charged that defendants stole forty-one head of cattle from the farm of H. B. McChesney and his two sons; that the farm is located in Warren County near Bowling Green; and that they were stolen on dates between September 27, 1968, and October 13, 1968.

On this appeal the following arguments are listed in appellants' "Table of Contents and Authorities": (1) "The Appellants' conviction rests upon the impeached and perjured testimony of Kay Donald 'Judd' Madison, and is insufficient, as a matter of law, to sustain the judgment of the lower court"; (2) "the trial court erred in permitting the introduction of evidence by Appellee of other crimes allegedly committed by Appellants, together with certain statements made by Appellants prior to arrest"; and (3) "the Commonwealth's proof does not limit the instructions to which Appellants are entitled, and the trial court erred in refusing to instruct the jury on Appellants' theory of the case."

We address appellants' first contention that the "impeached and perjured" testimony of Kay Donald "Judd" Madison "is insufficient as a matter of law, to sustain the judgment" of conviction.

■ True, appellants presented considerable impeaching evidence directed at Madison's testimony, but his credibility was for the jury. Buchanan v. Commonwealth, 304 Ky. 225, 200 S.W.2d 459 (1947); Johnson v. Commonwealth, Ky., 289 S.W.2d 736 (1956).

■ There are other circumstances tending to support the verdict, among

which may be listed the suspicious manner under which the cattle were taken; the fact that appellants were neither farmers nor cattle dealers; their own admission that they paid cash for the cattle; and the further significant fact that they gave two inconsistent stories prior to the version they gave on the trial. Appellants Donnelly and Fible first stated they knew nothing of the stolen cattle. Later they stated they purchased them from a man named Starks from Tennessee whom they met at a cockfight and that the cattle were transferred to their truck at a sawmill site south of Scottsville.

The jury was not bound to believe Madison. Indeed it may not have believed him. There was other evidence aside from that of Madison sufficient to support the verdict.

■ It should be kept in mind that appellants admit possession of the stolen cattle. Possession alone is sufficient to support a conviction. Tinsley v. Commonwealth, Ky., 283 S.W.2d 362 (1955).

■ Appellants next claim error in permitting evidence of other crimes and in admitting appellants' statements or admissions made before the trial. The "other crimes" complained of related to the voluntary statement of appellant Fible that he was attending a cockfight when he met the vanishing Tennessean. Appellant Fible is in a poor posture to complain of his own voluntary reference to a cockfight. We cannot imagine any prejudice to the other two appellants from this evidence. We find no merit in appellants' complaint of evidence of tractor deals. The reference to tractors afforded no evidence from which the jury could conclude that appellants were involved in a tractor transaction, legal or illegal. Anyway, the trial court sustained appellants' objection to this line of interrogation. No motion was made for an admonition. Therefore no prejudice resulted.

■ Passing to appellants' second-barrel blast, relating to the admission of the confession of Donnelly and Fible, it is sufficient to say that there was evidence by the interrogating officer that appellants were fully advised of their constitutional rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. In fact, the generous details by the Supreme Court in Miranda are so carefully followed by a great many investigating officers that they carry a card on which is listed the advice Miranda commands them to give a suspect before his confession may be used. The investigating officer in the present case testified he referred to his card of instruction in advising appellants Donnelly and Fible of their rights. The trial court found the statements to have been voluntarily made. In fact, Donnelly and Fible admitted in answer to questions propounded by counsel for appellants that they made these prior inconsistent and untrue statements. This being so, any error in the introduction of their prior statements was cured. See Howard v. Commonwealth, Ky., 447 S.W.2d 611 (1969).

Appellants' final argument is that the trial court erred in overruling their motion to give to the jury a concrete instruction conforming to their defense—that is that they purchased the cattle from Madison thinking he was the owner.

The question whether in a criminal case the defendant is entitled to an instruction spelling out his defense in detail, in addition to the reasonable doubt features of the usual instructions, has been recently answered in Beets v. Commonwealth, Ky., 437 S.W.2d 493 (1969), and in Wilson v. Commonwealth, 303 Ky. 219, 197 S.W.2d 240. In Beets, it was said at page 496:

"Such an instruction is not warranted except where the defendant admits the commission of the act charged against him but seeks to excuse or justify its commission so that the criminal element

is extracted and the legal responsibility for the act is avoided."

See also Jones v. Commonwealth, Ky., 453 S.W.2d 564 (1970).

The indictment charged that appellants did "unlawfully, wilfully and feloniously steal" certain cattle owned by the McChesneys in violation of KRS 433.250. "Steal" is synonymous with larceny.

The defense of the appellants was an alibi, pure and simple. Their defense was that they did not steal the cattle but bought them from Madison. Their second story was that they purchased them from a man from Tennessee. Both stories were alibis. We think under the above authorities the appellants were not entitled to the concrete instructions offered and that the instructions given fully authorized the jury to acquit them had the jury believed their version of the facts.

In appellants' reply brief, it is argued that "applying" the standards of RCr 9.62 and Goodhue v. Commonwealth, Ky., 415 S.W.2d 845 (1967), pertaining to the sufficiency of the evidence of an accomplice, "the evidence is insufficient, as a matter of law, to sustain appellants' conviction in the lower court." Appellants do not complain of the failure of the trial court to admonish the jury under RCr 9.62. No request was made for such an admonition, nor was an instruction sought by appellants covering this phase of the proceedings. Therefore it all boils down to the question of the credibility of the witnesses. The jury being the judge of this question was justified under the evidence to return the verdict. Madison's evidence was not *ipso facto* discredited by failure to admonish or instruct under the accomplice section of the Criminal Code.

The judgment is affirmed.

All concur.