## Harlan-Central Coal Co. v. Gross.

Nov. 10, 1944.

Sampson & Sampson and R. Kent Sampson for appellant.

Golden & Lay for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellee, Charles Gross, and Hershel Creech were part of if not the entire crew operating a coal train in the mine of appellant, Harlan-Central Coal Company, located in Harlan County. Creech was the motorman, whilst appellee was the coupler whose duty it was to ride the train while distributing and hauling out coal cars and to do all work necessary for the train to move upon the various tracks within the mine in performing its services.

At a point in the mine (referred to in the evidence as the joy-hole) a track led off into another entrance or haulway from the one upon which the train that the two were operating was moving. Shortly before the accident to appellee he had placed an empty coal car partly on the track leading into the joy-hole but projecting over the frog at the junction of the two tracks some two feet over onto the track with which the joy-hole track connected. The train so operated intended to move forward and pass that point, but before doing so it was necessary for the located empty car to be moved forward so as to enable

the train to pass that point. In the discharge of his duties as coupler the train was stopped so that he might go forward and move the empty car from its location, which he did by removing a chock that he had placed to prevent it from going forward on its own momentum, since the converging track at the point in the joy-hole was somewhat downgrade.

A rule of the company (universally observed, according to the evidence,) was that the coupler in performing such services ahead of his train should give notice to the motorman that the track was clear and to move his motor forward; conversely, that the motorman should not move his motor forward without receiving notice from the coupler. The motorman in this case did move his motor forward, and it collided with appellee, the coupler, who was more or less severely injured. He filed this action in the Harlan circuit court to recover damages therefor which he placed in his petition at $11,000. The petition alleged as negligence that appellant through its servant, Creech, did ''suddenly and without warning, or without any whistle or signal so to do, did, run and drive one of the defendant's motors onto and against this plaintiff'', and that is the sole act of negligence charged in that pleading. The petition, however, alleged that the movement was made with gross negligence and recklessness and without regard for the safety of the appellee. The answer denied the negligence charged and pleaded negligence of the plaintiff as the sole cause of his injury, which was necessary to constitute a defense, since defendant had not accepted the provisions of our Workmen's Compensation Act, though eligible to do so. The jury returned a verdict under the instructions of the court (to which defendant excepted) in the sum of $8,000.

Defendant's motion for a new trial was overruled and from the verdict and judgment pronounced thereon it prosecutes this appeal, urging as grounds for reversal, (1) error in overruling appellant's motion for a continuance; (2) in permitting the introduction of incompetent evidence; (3) error in excluding competent evidence offered by defendant; (4) error in instructions given to the jury; (5) error in refusing to give instructions offered by defendant; (6) excessive damages returned by the jury.

We reversed the judgment on April 21, 1944, solely upon the ground that the motion for a continuance should

have been sustained, but we reserved all of the other grounds embodied in alleged and argued errors 2, 3, 4, 5, and 6 supra. Our declining to consider any of the latter grounds relied on above was because the new trial ordered would eliminate them from the case, except as to instructions given and refused. However, we said that the error of the court in refusing to give instruction (B) offered by defendant was error but possibly cured by the other instructions that the court gave, although we directed that upon another trial instruction (B), or its substance, should have been given.

In appellee's petition for a rehearing it is emphasized that the affidavit for a continuance setting out the testimony of absent witnesses—one of whom was plaintiff's physician and being the only one who treated him for his injuries—did not state that the testimony sought to be obtained by the affidavit was true, or believed to be true by affiant. That such a statement should be incorporated in the affidavit is expressly prescribed in section 315 of our Civil Code of Practice, and which we have held to be necessary before a continuance may be granted. Some of the cases so construing the Code section are: Helfrich Saw & Planing Mill Co. v. Everly, 17 Ky. Law Rep. 795, 32 S. W. 750 (not elsewhere reported); Louisville R. Co. v. Bryant, 142 Ky. 159, 134 S. W. 182; and Empire Taxi Service v. Hagan, 290 Ky. 821, 162 S. W. 2d 177. In each of those cases we held that the affidavit was insufficient because it did not state the belief of affiant as to the truth of the facts the absent witnesses would prove. The failure to incorporate in the affidavit for a continuance the Code requirement referred to was not pressed on the former hearing and was overlooked by us in writing our first opinion. Therefore, the ground upon which the reversal was rested is made unavailable to appellant. However, upon reconsideration we have reached the conclusion that the court erred in giving and refusing instructions.

The issue, as we have seen, was both single and sharp, i. e., whether or not defendant's agent, its motorman, moved his motor forward, in front of which plaintiff was performing his duty, without receiving a signal from plaintiff to do so, since according to the method of operation it was as much the duty of plaintiff to give such a signal as it was for the motorman not to go forward without any signal. In instruction (1) given by the court

the jury was told, in substance, and in concrete form "that it was the duty of the defendant's motorman, Hershel Creech, before moving his motor forward, to await a signal or whistle from the plaintiff so to do." It then continued by saying that if he moved his motor without receiving notice from plaintiff that he was guilty of negligence and that the law was for the plaintiff, and the jury should so find. The instruction closed with this language: "Unless you believe as set out above, or unless you believe as set out in instruction No. 2, you should find for the defendant." Instruction No. 2 said: "If the jury shall believe from the evidence that the plaintiff, Charles Gross, at the time and place complained of, was negligent and failed to exercise ordinary care for his own safety, and if you shall further believe from the evidence that the defendant by its agent and servant, Hershel Creech, was also negligent as set forth in Instruction No. 1, and that the negligence of the plaintiff, if any. in conjunction with the negligence of the defendant, if any, jointly, caused and brought about the injuries to the plaintiff, then the law is for the plaintiff and you should so find."

It will thus be seen that in instruction No. 1 the court hinged the right of plaintiff to recover solely upon the issue as to whether the motorman moved his motor forward without receiving notice or a signal from plaintiff for him to do so, whilst in instruction No. 2 the jury was not told that if plaintiff did give notice for the motorman to move forward, and the latter did so in compliance therewith, then the negligence of plaintiff in giving the notice would be the sole cause of the collision for which defendant would not be responsible. In other words, the instructions as given were concrete as to the duties of the motorman but only general as to the duties of plaintiff.

We are aware that an instruction submitting a question of law, or one concrete in form, should not as a general rule be given, but we have held in a number of cases that in circumstances such as we have here the court should submit in concrete form the only defense interposed against recovery. The defense in this case, as we have seen, was and is, that the motorman moved forward and collided with plaintiff only pursuant to notice from him to do so, and that no movement of the motor was made until after the motorman received such notice from

him. That contention on the part of the defendant is denied by plaintiff, thus making the sharp issue as to whether notice was or was not given for the forward movement. The converse of the submission made in instruction No. 1 given by the court is not only hinged upon the motorman making the forward movement without receiving notice from plaintiff, but also hinged upon instruction No. 2 which, as we have seen, required only the exercise of ordinary care on the part of plaintiff. Therefore, the jury could have based its verdict in favor of plaintiff although it might believe that he was in some respects negligent other than the giving of notice for the forward movement. Cases sustaining the right of defendant to the concrete instruction contended for by it are: Louisville & N. R. Co. v. King's Adm'r, 131 Ky. 347, 115 S. W. 196; Consolidation Coal Co. v. Spradlin, 173 Ky. 229, 190 S. W. 1069; and Danville Light, Power & Traction Co. v. Baldwin, 178 Ky. 184, 198 S. W. 713. We will not insert excerpts from those opinions but content ourselves with saying that they completely support defendant's right to have its specific and only defense submitted to the jury in concrete form. Therefore, the instruction, bearing upon the issue of liability or non-liability of defendant, that should be given to the jury should submit the concrete issue as to whether or not the plaintiff gave notice for the motorman to move his train forward, or whether he failed to give such notice and to then tell the jury that if he did not give the notice, and the motorman nevertheless moved his motor forward whereby it collided with plaintiff, then the law was for the latter, and the jury should so find. Conversely, that if the plaintiff did give notice to the motorman and in obedience thereto he moved his motor forward, then plaintiff's act in giving the notice for the forward movement would be the sole cause of his injury and in which case the law was for the defendant, and the jury should so find. Such an instruction with one on the measurement of damages are the only ones that should be given in the present condition of the record. Having arrived at that conclusion, the other errors relied on become immaterial since they may not happen on another trial, but they are specifically reserved and not determined.

Wherefore, for the reasons stated, the judgment is reversed for proceedings consistent with this opinion.

The whole court sitting.