**RAMSEY v. COMMONWEALTH.**

**GUINAN v. COMMONWEALTH.**

Court of Appeals of Kentucky.

Feb. 12, 1954.

Rehearing Denied May 28, 1954.

W. S. Heidenberg, Louisville, Burlyan Pike, Shepherdsville, for appellants.

J. D. Buckman, Atty. Gen., Zeb Stewart, Asst. Atty. Gen., Shelby Howard, Hodgensville, C. V. Sanders, Shepherdsville, for appellee.

STEWART, Justice.

William Ramsey and George Guinan were separately indicted for the crime of rape, committed upon the person of the prosecuting witness, Mabel Irene Vance. On their respective trials each was found guilty, Ramsey receiving a sentence of fifteen years and Guinan a sentence of fourteen years. The appeals have been consolidated by agreement of counsel. A reversal is urged for the reasons: (1) that the lower court permitted the introduction of incompetent testimony on behalf of the Commonwealth; and (2) that the attorney for the Commonwealth was guilty of misconduct because he persistently propounded incompetent questions to the appellants and their witnesses. These grounds are so sufficiently interrelated they may be considered together, and it is unnecessary to detail more than the essential facts in order to dispose of them.

Ramsey's first complaint is that certain incompetent evidence was brought out during his cross-examination. We shall consider just what transpired in this respect. At the outset, he was asked whether or not he had served a term in the penitentiary for the offense of "assault with intent to rob." No objection was interposed and he answered the question in the affirmative. He was next questioned whether on September 24, 1934, he had been arrested in San Bernardino, California, whereupon he answered, "Yes," and volunteered the information he had been so arrested for "hitchhiking." Later, after the Commonwealth's attorney had elicited from him that, although he was a married man, he had gone to a night club without his wife and in company with another woman and appellant, Guinan, he was interrogated in this fashion concerning Guinan: "Now, George Guinan is an ex-convict, isn't he?" An objection was made and sustained to this question and the court admonished the jury not to consider it for any purpose. A motion to discharge the jury was overruled, but Ramsey reserved no exception to this ruling. The interrogation continued and these questions are illustrative of the line of examination that was conducted: "Were you in the habit of going out with other men and women without your wife and staying until late hours of the night?" and, "She (the prosecuting witness) tried on many different occasions to get a girl for that evening?" and, "Now you realized at that time you were married, didn't you, and had a family?". Ramsey offered no objection to any of these questions.

Ramsey's and Guinan's employer, G. F. Brown, introduced as a character witness for Ramsey, after being asked on cross-examination without objection whether he had been "indicted down in Nelson County for grand larceny" and whether he had been "indicted in Nelson County for some offense," to which questions he answered "No, sir" each time, was then interrogated in this fashion:

"Q. Now, Mr. Brown, was George Guinan employed by your firm? A. Yes, sir.

"Q. Back in August? A. Yes, sir.

"Q. Is he an ex-convict?"

At this point, counsel for Ramsey objected to the last question, the court sustained the objection, and Ramsey abided by this ruling of the court.

Another of Ramsey's character witnesses was asked whether he had ever been convicted of a felony and replied that he had not. Practically all of this appellant's remaining character witnesses were subjected to cross-examination containing such language as, "Did anybody tell you he had been arrested in San Bernardino, California, in 1934?" or, "Did you know he spent from July 9, 1935, to June 18, 1941, in prison in Illinois?" or, "Do you know that the crime that he did that time on was for assault with intent to rob?" and, "Did you know that he had been out with another man and woman to night clubs without his wife?" or, "Do you know he drank beer in the evening when he was away from his family and wife?" This line of examination was not objected to in any instance. However, at the close of this testimony the jury was properly admonished as to the purpose of this type of cross-examination.

Ramsey earnestly insists his judgment of conviction should be reversed for the reason that the Commonwealth's attorney was guilty of misconduct in continuing to ask him and his character witnesses questions concerning past offenses and misdeeds committed by him. He maintains these acts of misconduct were repeatedly alluded to in questioning witnesses and that such a performance by the prosecutor was calculated to so inflame the minds of the jury as to require a reversal in spite of his failure to object to most of the evidence of which he now complains. Furthermore, he argues that parading his wrongful acts over and over again before the jury was so harmful in its effects that no admonition could have cured the prejudicial effects of such conduct on the part of the Commonwealth's attorney.

■ Our answer to these contentions is that we must be guided by the established law of this jurisdiction when we pass upon questions of evidence. It is an elementary rule of procedure that errors not brought to the attention of the trial judge and not preserved by exceptions to his rulings are not available on an appeal to this Court. See Warren v. Commonwealth, Ky., 256 S. W.2d 368. We might add that the only instance in which we have deviated from this sound rule is where the penalty is death and there can be no doubt that the errors to which no exceptions were taken were such as to be highly prejudicial to the accused's substantial rights. See Ellison v. Commonwealth, 311 Ky. 757, 225 S.W.2d 470.

When we come to consider the conduct of the Commonwealth's attorney in addressing questions to Ramsey and to his character witnesses relative to the specific offenses and misconduct above mentioned, we must point out the record does not disclose that proper steps were taken at any time in the trial court to enable this Court to take cognizance of any of these errors. See Graham v. Commonwealth, 310 Ky. 773, 221 S.W.2d 677. Nor can we overlook the fact that the jury was properly admonished as to the purpose of the evidence as regards the cross-examination of the character witnesses.

■ Finally, the references to Guinan as an ex-convict were also improper, but the objections of appellant to such testimony were sustained and the jury was admonished to disregard the statement and we conclude this cured any impropriety in this connection. Whitaker v. Commonwealth, 297 Ky. 279, 179 S.W.2d 448.

Turning to the trial of Guinan, our attention is directed to the alleged error of propounding certain questions to him on cross-examination which he contends were so highly prejudicial as to warrant a reversal of the judgment entered against him.

In the first place, he complains because he was interrogated concerning the incarceration of appellant, Ramsey, in the Illinois penitentiary. He objected to this question, his objection was sustained and the jury was admonished to disregard the question. Guinan accepted this ruling of

the court. Lastly, he takes exception to other questions addressed to him bearing upon his general reputation but, since he had placed his good character in issue, we think this type of inquiry was not outside the record. However that may be, Guinan failed to object to any of the questions and, as we have heretofore shown, he cannot question such evidence for the first time on this appeal.

A reading of the record in these two cases leaves no doubt in one's mind that both appellants were subjected to rather harsh treatment by the Commonwealth's attorney particularly in his cross-examination of their character witnesses. However, as we have shown, we cannot depart from the rules of procedure that govern us in our review of the evidence in an appeal. Here we are confronted with the fact that appellants did not resort to the proper measures to enable us to deal affirmatively with the errors of which they complain.

Wherefore, the judgments are affirmed.