J. D. Buckman, Atty. Gen.; Earle V. Powell, Asst. Atty. Gen., J. Douglas Graham, Campton, M. E. Strange, Stanton, for appellee.

**Leon "Buck" PATTON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 17, 1954.

CLAY, Commissioner.

Defendant was convicted of the offense of maliciously cutting and wounding another with intent to kill and sentenced to five years in the state penitentiary. He presents two grounds for reversal of the judgment.

Following an automobile accident, appellant was taken into custody by a state policeman for drunkenness in a public place and was transported to jail. There appellant and the state policeman engaged in an altercation and appellant stabbed the officer. The propriety of submitting the case to the jury is not in question.

When appellant was testifying he was asked by the Commonwealth's attorney if he had been convicted of a felony, to which he answered in the affirmative. He was then asked, "How many times?" He answered, "Two times I reckon." No other reference to this conviction appears in the record. Appellant contends that the court erred in not admonishing the jury that these prior convictions could be considered only for the purpose of affecting his credibility as a witness.

■ The record fails to show appellant asked for such admonition. His brief quotes an instruction covering this matter which allegedly was offered, but no such instruction or other request appears in the clerk's record or the bill of exceptions.

While the defendant has the right to insist that such an admonition be given, the failure of the court to do so is not necessarily such an error as would require reversal. As a general rule errors not brought to the attention of the trial judge are not available on appeal to this Court. Ramsey v. Commonwealth, Ky., 1954, 267 S.W.2d 730. It has been held that the right to an admonition may be waived by the accused in not requesting that it be given. Allen v. Commonwealth, 302 Ky. 546, 195 S.W.2d 96. In the light of the record before us we do not find the error, which was not called to the attention of the court, of such a prejudicial nature as to require reversal.

■ Appellant next contends that the jury should have been instructed that if the arrest was illegal appellant had the right to stab the officer in resisting it. There are two answers to this contention. In the first place, appellant had already submitted to the arrest, and therefore his actions could not be characterized as resistance. Secondly, the court fairly submitted to the jury the defendant's right to repel an assault or battery by the officer and also the right to stab the officer in self-defense.

The judgment is affirmed.