Logan COLLINS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 12, 1956.

Rehearing Denied Jan. 25, 1957.

John C. Anggelis, Lexington, for appellant.

Jo M. Ferguson, Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellee.

STEWART, Judge.

Logan Collins was convicted of the offense of carrying a deadly weapon con-

cealed, in violation of KRS 435.230(1), and was given a sentence of two years in the state reformatory at LaGrange. He filed a motion and grounds for new trial which was overruled. Time was given to prepare a bill of exceptions until the 24th of February, 1956 term, of the lower court. On March 8, 1956, the bill of exceptions was signed and approved by the circuit judge and ordered filed and made a part of the record. On March 5, 1956, three days before the certification of the bill of exceptions, Collins lodged a petition for a writ of coram nobis, supported by four affidavits, one of which was later withdrawn. Five days later the Commonwealth entered a response supported by counteraffidavits. The petition was dismissed without a hearing on March 12, 1956.

This appeal is prosecuted from the judgment entered on the jury verdict, and also from the order dismissing the petition.

We will first consider the appeal from the judgment of conviction. There is only one ground urged for reversal and this concerns a remark of the trial judge made during the course of the trial. To grasp the significance of the statement it will be necessary to give the factual background. Collins was arrested for being publicly drunk and a search of his person brought to light a snub-nosed .38 revolver in the right front pocket of his trousers. One of Collins' principal contentions was that the pistol could not have been concealed because the pocket the gun was in had been sewed up so near the opening that the pistol would not fit all the way down and therefore was in plain sight. The Commonwealth, of course, maintained the pocket had been sewed up *after* the incident. Collins testified that carrying large quantities of change around in his pockets, as he constantly did in his business, had ripped his pockets on several occasions, and that this particular pocket had been sewed up at least three times. At this juncture in his testimony the trial judge interjected: "They've been sewn up once since you had

that pistol taken out of them, too, haven't they?"

■■■■ Collins insists this utterance of the trial judge indicated to the jury his disbelief in the veracity of Collins' testimony on this point and that this tended to prejudice the jury against him. We think this gratuitous statement might have had that effect, and we believe the observation of the trial judge, carrying with it the weight that a circuit judge's words usually have on a jury, was so prejudicial that it would constitute a reversible error if such were properly before us. However, the record shows that the language under attack was not objected to in any manner; hence it must be deemed to have been waived. It is an elementary rule of procedure in a criminal trial that errors not brought to the attention of the trial judge and not preserved by exceptions to his rulings are not available on an appeal to this Court. See Ramsey v. Commonwealth (Guinan v. Commonwealth), Ky., 267 S.W.2d 730; Warren v. Commonwealth, Ky., 256 S.W.2d 368.

The appeal from the order entered below dismissing the petition for a writ of coram nobis advances two alleged errors as a basis for the reversal of the judgment: (1) The writ should have been granted because a deputy sheriff of Perry County served on the grand jury which returned the indictment against Collins; and (2) the writ should have issued because Collins' substantial rights were prejudiced by improper remarks supposedly made by the trial judge in the presence of the jury, and when Collins and his counsel were outside the courtroom, which tended to discredit his defense.

■■■■ We agree with the trial judge that the petition should have been denied. A writ of coram nobis is an extraordinary remedy, Kinder v. Commonwealth, Ky., 269 S.W.2d 212, and it is well established that this extraordinary remedy may be resorted to only after all other judicial proc-

esses have been exhausted. Merrifield **v.** Commonwealth, Ky., 283 S.W.2d 214. The writ will not lie where there is another adequate remedy. 24 C.J.S., Criminal Law, § 1606, p. 147. Was there another adequate remedy in this case? Obviously there was, because we believe it cannot be questioned, under the facts presented, that when Collins appealed from the judgment of conviction he had ample opportunity to include in the appeal record all the alleged errors he complained of in his petition for a writ of coram nobis.

■ That Collins did not take advantage of the opportunity to embrace all his grounds for reversal in the direct appeal record is attributable to his failure to act seasonably. It is conceded the issues raised in the petition are "new matters" in the sense that the record of the appeal from the judgment of conviction is silent with reference to them, but this does not mean, if he had been diligent, they could not have been promptly discovered and properly authenticated in that record for consideration by this Court. One of the alleged errors occurred before the trial; the other, during it. Thus it is clear Collins learned of, or could have ascertained, these so-called errors in time to have included them in his motion and grounds for a new trial and to have had them duly incorporated in the bill of exceptions. Thereafter he could have appealed from any rulings that were adverse to him. Not only was appeal an adequate remedy under the circumstances, and this fact in itself requires a denial of the writ Collins seeks, but coram nobis also will not lie where advantage could have been taken of the alleged error at the trial, as where the facts complained of were known before or at the trial or could by due diligence have been

ascertained. See 24 C.J.S., Criminal Law, § 1606, p. 148.

■ More to the point is the general proposition that it is improper to seek a writ of coram nobis while an appeal of the case is pending, even if the writ is sought on grounds which would not be available in the appeal itself. In other words, there is no need to seek extraordinary relief to set aside a judgment which is not *final*, since it is always possible it might be reversed on appeal. Though there is no authority on this point in this jurisdiction, the case of Stephenson v. State, 205 Ind. 141, 194, 197, 179 N.E. 633, 186 N.E. 293, at page 295, made the following pertinent statement in this connection: "The court in which the judgment was originally entered has no jurisdiction to entertain such a petition (i. e. a petition for a writ of coram nobis) pending disposition of an appeal to this court * * *." It is apparent, under the authority of the Stephenson opinion, that coram nobis was resorted to prematurely.

■ Running like a thread throughout the brief of Collins' attorney is the contention that he was denied due process of law because his petition was dismissed without a hearing. As we have previously shown in our discussion the petition did not state sufficient facts to justify the issuance of the writ. Aside from this, it has been held that since coram nobis is essentially a civil action no constitutional rights are infringed when the trial court refuses to follow the procedures ordinarily associated with criminal prosecutions. See Elliott v. Commonwealth (Elliott v. Buchanan), 292 Ky. 614, 167 S.W.2d 703.

For the reasons given, the judgment in each case is affirmed.