**Omar TAYLOR, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

July 2, 1965.

Francis E. Bauman, Arnold J. Lemaire, Louisville, for appellant.

Robert F. Matthews, Atty. Gen., John B. Browning, Asst. Atty. Gen., Frankfort, for appellee.

MONTGOMERY, Judge.

Omar Taylor was convicted of storehouse breaking and was sentenced to confinement for three years. KRS 433.190. On appeal he argues that he did not receive the fair trial guaranteed by the Constitution of the United States and by the Constitution of the Commonwealth of Kentucky, in that certain evidence should not have been ad-

mitted, the evidence was insufficient to sustain a conviction, and the court failed to instruct the jury properly.

On December 24, 1963, in Louisville, about 12:45 a.m., Edward Phillips, a merchant policeman, saw a man park a car behind the ticket shack of the parking lot at Fourth and Broadway. He saw the man go to the door of the shack with a stick of wood. The officer then heard a crash and saw the man put something into the car. As the man started back to the building he saw the officer approaching, jumped into the car, and attempted a getaway. The car skidded; the man abandoned the car and fled on foot.

The officer said that he got as close as twelve or thirteen feet from the man and could see the side of his face sufficiently to distinguish his facial features. An adding machine taken from the building was found on the front seat of the car that the man had been driving. Appellant was subsequently determined to be the owner of the car.

Appellant insists that the evidence of identification is insufficient to sustain the verdict. This is based on testimony that it was snowing and that appellant had a mustache, which the officer said he did not see. Admittedly, the officer identified appellant in a police captain's office a few days after the break-in. Appellant is critical of the failure to present fingerprints or evidence of identification in a "show-up" or "line-up." This lack of evidence is immaterial. The question is whether the evidence submitted is sufficient.

In a prosecution for storehouse breaking, possession of stolen property by the accused is sufficient to warrant the submission of the case to the jury and raises a presumption of guilt. Cline v. Commonwealth, 312 Ky. 645, 229 S.W.2d 435; Sparks v. Commonwealth, Ky., 256 S.W.2d 382. The other evidence added to the possession evidence fully justified the submission of the case to the jury.

On direct and cross-examination appellant readily admitted a prior police record of arrests and a felony criminal record. Appellant now complains that the cross-examination in this area elicited "inflammatory and prejudicial evidence." There is no merit in this complaint because appellant's counsel "opened the door" on direct examination concerning the arrests. The felony testimony was proper, and the trial court properly controlled the testimony and admonished the jury with respect thereto. Hayton v. Commonwealth, Ky., 332 S.W.2d 537; Jones v. Commonwealth, Ky., 333 S.W.2d 272. The failure to define the word "credibility" used in the admonition is not considered prejudicial in view of its common usage and general understanding. Nichols v. Commonwealth, Ky., 283 S.W.2d 184.

A review of the record and appellant's complaints justifies the conclusion that appellant received a fair trial.

Judgment affirmed.