**Stanley SHOCKLEY, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 9, 1967.

Frank R. Goad, Douglas Keen, Titus Lyle, Keen & Lyle, Val A. House, Jr., Scottsville, for appellant.

Robert Matthews, Atty. Gen., Charles W. Runyan, Asst. Atty. Gen., David Martin, Commonwealth's Atty., Franklin, James S. Secrest, County Atty., Scottsville, for appellee.

STEINFELD, Judge.

On February 11, 1966, the dwelling of J. B. Tracy located in Allen County was broken into and a number of articles were taken from it. Truman Mays, the sheriff of that county and W. C. Smith, detective of the Kentucky State Police, investigated and traced a number of the stolen articles to Carl Pedigo. After interrogation, Pedigo

confessed to the crime and implicated Stanley Shockley, the appellant herein. Without a warrant a deputy sheriff of Allen County arrested Shockley. He was held in jail for about a week and then permitted to make bail. On April 25, 1966, Shockley was indicted for dwelling house breaking which accused him of breaking into the Tracy home on February 11, 1966, and a bench warrant was issued for his arrest.

On May 3, 1966, Douglas Keen was appointed by the court to represent Shockley at his arraignment that same day. Shockley pled not guilty. His attorney moved for a continuance. The attorneys agreed, and the court ordered, that the trial take place on September 27, 1966. On September 17, 1966, a bench warrant was issued and Shockley again was arrested, this time on the indictment. On September 27, 1966, Shockley appeared and three lawyers, Frank R. Goad, Val A. House, Jr. and Douglas Keen were appointed to represent him at his trial. They moved that the case be set over for a later date so that they could prepare for trial. The court set the trial for October 10, 1966. For reasons not revealed by the record, on October 6, 1966, the court called the Shockley case for trial. Mr. Keen was absent from the county. Mr. Titus Lyle, also a practicing attorney, was appointed as additional counsel for Shockley to assist in this trial. On October 6, 1966, in behalf of Shockley, Lyle made a motion for a continuance and a motion to dismiss the indictment but the motions were overruled. The trial was held on October 6, 1966, at which Shockley was represented by Messrs. Goad, House and Lyle. At the conclusion of the Commonwealth's evidence, the defendant moved for a directed verdict which motion was overruled. Evidence on behalf of the defendant was presented and after the jury was instructed and heard arguments of counsel it found Shockley guilty as charged in the indictment and fixed his punishment at three years in the penitentiary.

Shockley moved for a new trial in which motion he made many of the same contentions which are presented on this appeal.

■ Shockley claims that his arrest which occurred before the indictment was illegal and that all further proceedings following the indictment were void; therefore, he says that he was entitled to have the indictment dismissed. He relies upon the 5th Amendment of the Constitution of the United States and Section XI of the Kentucky Constitution. The 5th Amendment provides that "No person shall be held to answer for a capital or otherwise infamous crime, unless on a presentment or indictment of a grand jury, * * *". There are certain exceptions not applicable here. Section XI of the Kentucky Constitution, among other things, provides in substance that the accused has the right to demand the nature and cause of the accusation against him. This court cannot consider these complaints because they are raised for the first time on this appeal. It is now too late. Lewis v. Commonwealth, Ky., 318 S.W.2d 857; Collins v. Commonwealth, Ky., 297 S.W.2d 54, cert. den. 355 U.S. 816, 78 S.Ct. 16, 2 L.Ed.2d 32.

He also relies upon KRS 431.025 which states the procedure for making a valid arrest. Among other things, it requires that the person making the arrest inform the person being arrested of the intention to make the arrest and the nature of the offense for which the arrest is being made. This contention also was raised for the first time in this court. It is too late. Ramsey v. Commonwealth, Ky., 267 S.W.2d 730; Patton v. Commonwealth, Ky., 273 S.W.2d 841.

• The next point on which Shockley relies for a dismissal of the indictment and his release is the fact that he was not informed of his constitutional rights to remain silent, to confer with an attorney and to have an attorney present with him at any interrogation. He cites Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, in support of his argument.

■ The Commonwealth counters by contending that Miranda stands for the principle that the warnings are required in connection with the use by the prosecution of statements or confessions. No statement or confession of Shockley was used at the trial. We consider the contention made by Shockley to be without merit, for if there was a violation of any constitutional rights this was not prejudicial to him. Matthews v. Commonwealth, 261 Ky. 484, 88 S.W.2d 8.

■ The next contention is that Shockley was entitled to a continuance and was prejudiced by the failure of the court to grant one. As heretofore pointed out the trial was originally set for October 10, 1966, but over Shockley's objection it was advanced to October 6, 1966. The counsel with whom he had conferred at the arraignment, Mr. Keen, was out of the county. There was a motion by Shockley to continue the trial but on other grounds. He cannot now complain that he was prejudiced by the advance of the case. (See cases above cited on other points.)

■ He next complains that the court erred in not sustaining his motion for a continuance on the grounds that the panel from which the jury was selected had heard discussions concerning him between his appointed counsel and attorneys for the Commonwealth. He also claims that the panel heard remarks from the court all of which were prejudicial to him. No affidavit or writing was filed in support of the motion for continuance which is required. CR 43.03. Harlan-Central Coal Co. v. Gross, 298 Ky. 540, 183 S.W.2d 550. Furthermore, there is nothing in the record from which we can discern the nature of the conversations and remarks; therefore, we cannot find that the trial court acted incorrectly.

■ Counsel for Shockley complains that the accused was entitled to a continuance for the reason that his appointed counsel had not had sufficient opportunity to make a defense. We have examined the record and find that the motion for a continuance was made exclusively on the basis hereinabove mentioned and that there was no motion made to delay the hearing because of inadequate time to prepare. On a motion for a new trial this contention was first asserted. We point out that three practicing lawyers were appointed for the defendant on September 27, 1966. The trial was started nine days later. If these lawyers had not had time to prepare it was their duty to make the motion for a continuance at the beginning of the trial and to apprise the trial court of the basis of the motion. CR 43.03. The trial court was entitled to an opportunity to properly exercise his discretion before the trial started. Dunn v. Commonweatlh, Ky., 350 S.W.2d 709. The overruling of the motion for a new trial for failure to continue the case was not reversible error. Hood v. Commonwealth, 303 Ky. 686, 198 S.W.2d 793.

■ It is the contention of the appellant that he was entitled to a continuance because a material witness subpoenaed by him failed to appear. No affidavit was filed and no motion was made prior to the trial to continue on that ground. There is no merit in this contention for the reasons already stated. Furthermore, CR 43.03 provides what must be done in order to obtain a continuance because of the absence of a witness. This procedure was not followed.

■ He next contends that the conviction was based upon insufficient evidence. Shockley was implicated in the commission of the crime and in the activities of the other participants after the crime. Testimony linked the stolen goods to Shockley. There is no merit in this contention.

We have given very careful consideration to the other contention for reversal which is asserted herein. When Shockley was testifying in his own defense he was asked

questions by his counsel and he made answers as follows:

"65. Stanley, some of the members of your family have been in trouble, and I believe you have also before, haven't you?

A. Yes sir, I sure have.

66. You've told the Jury all you know. Now tell them if you've been to the penitentiary?

A. Yes sir, I sure have.

67. And when did you get out?

A. April 14, 1965."

Shortly after his direct examination was concluded he was interrogated on cross examination and made answers as follows:

"70. Stanley, you say you've been in the penitentiary before?

A. Yes sir.

71. For what?

A. Dwelling house breaking."

The transcript of evidence shows that immediately the following occurred:

"MR. LYLE: Your Honor, we'd like to request that you admonish the Jury that the only purpose this testimony can be considered for is to impeach the witness, if it does.

MR. MARTIN: I didn't bring it out. They did that on direct.

THE COURT: Well now we are just trying him on this issue alone.

MR. MARTIN: That's all I wanted to ask him. Just what he'd been in for, and he said dwelling house breaking.

THE COURT: Well just don't go into it any further."

Shockley contends that he was entitled to have the jury admonished that it should consider his previous conviction only for the purpose of affecting his credibility as a witness if it believed that it affected his credibility.

He relies upon Cowan v. Commonwealth, Ky., 407 S.W.2d 695, wherein we said: "A witness may be asked if he has been convicted of a felony. If he says 'Yes,' that must be the end of it, with the usual admonition. If he says 'No,' refutation by the record will be limited to one previous conviction, again with the admonition." Cowan explained the meaning of CR 43.07 which states the methods to be used in impeaching a witness.

CR 43.07, among other things, says: " * * * that it may be shown by the examination of a witness, or record of a judgment, that he has been convicted of a felony." This impeachment method discussed in Cowan is deep seated in the Kentucky law. It has been authorized by a provision of the Kentucky Civil Code for many years. Carroll's Kentucky Civil Code, section 597. In criminal prosecutions it contemplated that "Evidence as to the character of the defendant as a witness must first be introduced by the commonwealth and may then be rebutted by the defendant by testimony of the same kind. It is confined to evidence of general moral character, and for truthfulness or veracity." Shell v. Commonwealth, 245 Ky. 223, 53 S.W.2d 524. In the Shell case we said: "It is the duty of the court to admonish the jury the purpose for which the evidence is introduced."

An earlier case which discussed this law was Atkins v. Commonwealth, 224 Ky. 126, 5 S.W.2d 889, wherein a conviction was reversed because of the failure of the court to admonish the jury as to the purpose for which the evidence of conviction of a felony might be received. We said:

"The first objection made is that, though the defendant objected to all the testimony impeaching the reputation of the defendant and his witnesses, the court did not admonish the jury as to the purpose for which this evidence might be received. While under section 597 of the

Code a witness may be impeached 'by evidence that his general reputation for untruthfulness or immorality renders him unworthy of belief,' such evidence may only be considered by the jury for the purpose of impeaching the testimony of the witness, and it cannot be considered as substantive evidence in the case. Before the amendment of the Code it was uniformly held that it was prejudicial error for the court to fail to admonish the jury as to the purpose for which the evidence might be considered, but since the amendment to the Code (see Cr.Code Prac. § 353), providing that a judgment for conviction may only be reversed where upon the whole case the substantial rights of the defendant have been prejudiced, the court has in some cases refused to reverse where on the whole case the real truth was so apparent that the error could have had no effect on the result of the trial. But the court has held to the rule that it is an error not to admonish the jury *where the proper steps are taken by the defendant in objecting to the evidence.* Johnston v. Commonwealth, 170 Ky. 766, 186 S.W. 655; Clark v. Commonwealth, 201 Ky. [620,] 624, 257 S.W. 1035; Davidson v. Commonwealth, 204 Ky. [414,] 419, 264 S.W. 1051.

In view of the number of impeaching witnesses introduced here, the fact that the defendant was also impeached, and all the circumstances of the case, the court is unable to say here that this is not substantial error. The defendant may not be convicted because he was a man of bad reputation for truthfulness. He may only be convicted when he is proved guilty beyond a reasonable doubt."

In Buchanan v. Commonwealth, 304 Ky. 225, 200 S.W.2d 459, the Commonwealth in rebuttal introduced the sheriff for the purpose of attacking the reputation of the accused "for honesty and integrity in the community in which he lived". Over objection the court permitted the witness to answer whereupon he said that the reputation was bad. He was then asked about the accused's reputation for morality, and again over objection he was permitted to answer and said that it too was bad. The accused moved the court to exclude the testimony and to admonish the jury not to consider it for any purpose. The court overruled the motion and did not admonish the jury that the testimony could be considered only for the purpose of affecting the credibility of the defendant as a witness, if it did so. We held this to be error. We said: "The general character of the accused and his disposition to commit crime may not be introduced *in evidence against him* as ground for presuming guilt, Snapp v. Commonwealth, 82 Ky. 173, 6 Ky.Law Rep. 34; Robertson's New Kentucky Criminal Law and Procedure, second edition, section 1838, page 1932, unless the accused has introduced testimony of his good reputation as ground for the presumption of innocence." Also see Nichols v. Commonwealth, Ky., 283 S.W.2d 184; Ochsner v. Commonwealth, 128 Ky. 761, 109 S.W. 326, 33 Ky.Law Rep. 119.

We held in Commonwealth v. Reynolds, Ky., 365 S.W.2d 853, that "When a felon is offered as a witness under CR 43.07 the purpose of impeachment is to warn the court and the jury that the testimony given by him may not be worthy of belief because of his status as a criminal." We then said: "Plainly it was the intention of the Rule only to fix the status of the witness and the circuit court erred in rejecting evidence on this point."

■ The distinction between Cowan and the case now before us is that Shockley testified on direct examination that he had "been to the penitentiary". The Cowan case and the other cases which we have examined clearly show that CR 43.07 and its predecessor, section 597 of the civil code were enacted so that any party to a trial may show a felony conviction of any witness in order that the jury may evaluate the testimony of that witness. In those circum-

stances this court has insisted that upon request of the party introducing the witness the trial court must explain to the jury the purpose for which the inquiry had been made. It it better practice in all cases, when the request is timely made, to admonish the jury that the prior conviction should be considered only as it may affect the credibility of the witness.

■ However, it is our opinion that it was not contemplated by the rule or the code that the accused could show, for his own purposes, that he had been convicted of a felony and then require the court to admonish the jury that the conviction only affected his credibility as a witness. When the accused voluntarily introduces the evidence of his prior conviction the admonition is not absolutely required. In Turpin v. Commonwealth, Ky., 74 S.W. 734, 25 Ky. Law Rep. 90, we said:

"But in this case, where the appellant brought out the fact that he was in the penitentiary voluntarily and in aid of his defense, we are of opinion that the court did not err in failing to admonish the jury that the fact of his having been in the penitentiary could only be considered as affecting the credibility of appellant as a witness."

Under the circumstances shown by this record that the appellant "opened the door" on direct examination we conclude that the failure to give the usual admonition, even though it was requested, was not error. Taylor v. Commonwealth, Ky., 392 S.W.2d 914.

The judgment is affirmed.

MONTGOMERY, OSBORNE and MILLIKEN, JJ., concur.

WILLIAMS, C. J., and PALMORE and HILL, JJ., dissent.

PALMORE, Judge (dissenting).

In Cowan v. Commonwealth, Ky., 407 S.W.2d 695, 698 (1966), we recognized that "no admonition can really assuage the prejudice that is done to a defendant on the merits of his case by disclosure of his past felonies in the name of impugning his credibility," and for that reason restricted this type of evidence to the bare essentials. By recognizing the limited practical effect of the customary admonition we did not, however, in any sense imply that it is not important. Indeed, it will be noted that the majority opinion carefully avoids saying that the failure to give it was not prejudicial. The majority opinion does not purport or intend to change the law that ordinarily a refusal to give the admonition when requested is a substantial error.

Why should the law be different when the defendant has made the disclosure voluntarily upon direct examination? If he does so, and in so doing does not ask for the admonition, then of course he can have no complaint. But if the Commonwealth wishes to delve further into the same subject, by what sensible logic does the defendant become disentitled to an admonition explaining to the jurors the limited purpose for which they must consider the evidence? Are we in a game, in which by the introduction of *competent evidence* a party deprives himself of the right to have the jury properly instructed that its purpose is limited to impeachment of his credibility?

I can understand that if a party introduces incompetent matter he cannot complain of cross-examination, or of rebutting or explanatory evidence, touching the same subject. This is a matter of *admissibility*. In this case we are not concerned with *admissibility*, but with the right of a party to have the jury advised of the special purpose for which *admissible* evidence is to be considered. I am rather surprised that the majority of the court should be befuddled by such a red herring as, "Well, you brought it up first." What does that have to do with whether an admonition should be given?

After all, the purpose of an admonition is to help the jury decide the case according to law. It is not a trading stamp.

Turpin v. Commonwealth, Ky., 74 S.W. 734, 25 Ky.Law Rep. 90 (1903), simply has no application to this case. In *Turpin,* the defendant was accused of having stolen a horse. Witnesses for the prosecution testified that a man answering to the defendant's description had sold the horse at Corydon, Kentucky, in the fall of 1902. The owner's daughter testified it was stolen in October of 1902. The defendant testified that he had been arrested on September 22, 1902, and remained in jail until the trial, and that he had served a term in the penitentiary for housebreaking. The prosecution then produced further evidence to show that the correct date on which the horse had been sold was September 17, 1902, whereupon the defendant took the stand again and stated that he had returned to Henderson from the penitentiary on September 12, 1902, in a weak and sickly condition and remained in and about Henderson until after September 17, 1902. The opinion does not indicate that the prosecutor questioned the defendant on the subject of his previous conviction, as was done in this case, or that the defendant asked for an admonition, as he did in this case. But even so, it is readily apparent that in *Turpin* the defendant used the circumstances of his stay in the penitentiary as a part of his defensive story. They were explanatory of his actions and doings at and about the time in question, and therefore were recited "in aid of his defense," as pointed out in the opinion. That is not the case here. There is no suggestion that this defendant's previous conviction was introduced or even admissible for any purpose other than its bearing upon his credibility. This fact is not made different by his having admitted it himself in order to avoid the possible inference, upon its being later adduced by the prosecution, that he wished to conceal it.

The prejudicial effect of refusing the admonition is well illustrated by the following passage from the closing argument of the Commonwealth's Attorney in this very case: "Now if you want to break this up in Allen County, find him guilty and give him ten years in the pen. * * * *He's been there once and he didn't learn a lesson for the same crime,* and now he tells us today that he didn't do it." (Emphasis added.) No admonition having been given the jurors, they were authorized to consider the prior conviction for any and all purposes, including the probability of guilt and the length of sentence to be imposed. This is not proper and it is not right. It runs contrary to the fundamental idea that a man ought not to be convicted by his previous record.

WILLIAMS, C. J., and EDWARD P. HILL, J., join in this dissent.