### George TAYLOR, Jr., Appellant,

### v.

### COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 18, 1968.

J. C. Helton, Pineville, for appellant.

John B. Breckinridge, Atty. Gen., Joseph Famularo, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

George Taylor, Jr., was tried on two counts of murder arising out of his shooting and killing Eugene and Lloyd Clouse. The jury acquitted him as to the homicide of Lloyd Clouse but found him guilty of voluntary manslaughter of Eugene Clouse and fixed his punishment at confinement in the penitentiary for ten years. In seeking reversal of the judgment Taylor contends (1) that the verdict was grossly inconsistent; (2) that he should have had a directed verdict of acquittal; and (3) that the trial court failed to admonish the jury as to the significance of evidence relating to a previous conviction of felony.

On the night of the shooting Taylor was at an establishment referred to as the "John Holland House" where several other persons including Eugene Clouse were assembled. It was shown that Eugene Clouse was inebriated and had unprovokedly accosted Taylor saying, "Buddy, didn't I beat your brother about to death?" The proprietor of the Holland House noted Eugene's aggressive conduct and ordered him to discontinue it. So far as it appears, Taylor made no threats toward Eugene but did respond when Eugene referred to having assaulted his brother by saying, "Yes, but you are not going to do me that way."

Arnold Bargo was one of the patrons in the Holland House, and he observed Eugene's actions. Bargo left the premises and brought back with him Lloyd Clouse, brother of Eugene. Bargo explained that

he had told Lloyd that Eugene "was down there drinking and was in an argument with this Taylor boy." Lloyd told Bargo that he would go "get him out of there." Bargo accompanied Lloyd back to the Holland House in Lloyd's automobile. He said that when they arrived at the Holland House Lloyd got out of the car and directed him to turn the car around and come back to pick up Lloyd and Eugene. Before Bargo could perform this mission, he heard several shots, which proved to be the fatal shots which brought about the deaths of Eugene and Lloyd Clouse. Bargo did not see the actual encounter between Taylor and the Clouse brothers.

There was no eye witness to the shooting except Taylor himself. He said that he came out of the Holland House preparatory to going home when he was confronted by the two Clouse brothers. In his own words he described the situation as follows:

"I opened the door to go outside and here was these two guys. One rushed down here (indicating) and the other one was three or four feet away and he mumbled some words that I didn't understand. I seen this guy rushing down with the rifle and I automatically fired my gun."

He testified that he shot at the two Clouse brothers because he feared for his own life. No shot was fired by Lloyd, and there was no showing that Eugene was armed at all. Taylor did not testify to any overt action of Eugene's except the "mumbling" of words which Taylor could not understand.

■ Taylor contends that the jury's verdict acquitting him as to the killing of Lloyd and convicting him for the slaying of Eugene is patently inconsistent because it presupposes the possibility that Taylor entertained two states of mind at the same time. He argues that the facts disclosed that Taylor acted "wilfully with malice aforethought, *or*, in sudden heat and passion, *or*, in self defense." From this premise he reasons that it was impossible for him to have entertained more than one of these states of mind. We think the argument is without merit for obvious reasons, including the fact that the jury specifically found Taylor not guilty of murder with respect to either of the slayings and apparently accepted Taylor's plea of self-defense insofar as the slaying of Lloyd is concerned. It will be remembered that Lloyd had a rifle in his hand, but Eugene was unarmed. We find no inconsistency in the jury's conclusion that Taylor acted in sudden heat and passion when he shot Eugene in the circumstances presented by this record. There was reasonable basis for its verdict acquitting Taylor as to Lloyd's death.

■ Taylor asserts that the evidence was completely uncontradicted and clearly demonstrated his entitlement to a directed verdict on his plea of self-defense. He cites Holcomb v. Commonwealth, Ky., 280 S.W.2d 499, and Taul v. Commonwealth, Ky., 249 S.W.2d 45, which do stand for the proposition that if the plea of self-defense is supported by uncontradicted evidence it is the duty of the trial court to direct a verdict of acquittal. We are not at odds with that principle, but we think the facts of the present case are not so strong for the defendant as to require application of the principle in this case.

■ Taylor admitted that he had armed himself with a .38 revolver which he had carried in a concealed position throughout the day. He gave no evidence of any action against him by Eugene, although it is fair to say that he meant to imply that he regarded himself in danger from both of the Clouse brothers. We believe the rationale of Hatton v. Commonwealth, Ky., 412 S.W.2d 227, and Martin v. Commonwealth, Ky., 406 S.W.2d 843, is applicable

**808**

here. There is sufficient circumstantial evidence to place in issue the critical question of self-defense, and the court properly declined to direct a verdict of acquittal. In the absence of any explicit statement by or in behalf of appellant reflecting danger to the appellant from Eugene Clouse, the question of self-defense was properly left for the jury's resolution.

■ It was brought out on cross-examination of appellant that he had been convicted of a felony. This was permissible under CR 43.07 made applicable to criminal trials by RCr 13.04. There was *no objection to the testimony, nor was there any motion that the court admonish the jury as to the effect of such testimony.* In this state of case the appellant may not now complain that the trial judge failed to admonish the jury. In Shockley v. Commonwealth, Ky., 415 S.W.2d 866, it is noted:

"It is better practice in all cases, when the request is timely made, to admonish the jury that the prior conviction should be considered only as it may affect the credibility of the witness." Id., 415 S. W.2d 872.

It must be noted that the "better practice" referred to is premised on a timely request for admonition. It seems plain that the accused may not play fast and loose with the court by failing to request an admonition and then assigning the failure to give such an admonition as reversible error.

■ RCr 9.22 points out that a party should make known to the court the action he desires the court to take, at the time of the court's ruling. The clear teaching of that rule is that a party in a criminal trial may not be heard to complain if the court fails to give an admonition in circumstances of this kind where no admonition was requested.

The judgment is affirmed.

All concur.