**Floyd Earl JACKSON, Appellant,**

v.

**COMMONWEALTH of Kentucky,
Appellee.**

Court of Appeals of Kentucky.

Feb. 6, 1970.

Paul E. Fagan, Moody & Fagan, Richmond, for appellant.

John B. Breckinridge, Atty. Gen., William Bryan Martin, Asst. Atty. Gen., Frankfort, for appellee.

WADDILL, Commissioner.

Appellant was convicted of shooting and wounding as denounced by KRS 435.170 and his punishment fixed at confinement in the penitentiary for a term of two years.

He appeals, contending that the evidence used to convict him was obtained by an unreasonable search of his automobile in violation of Section 10 of the Constitution of the Commonwealth of Kentucky. We are affirming the conviction because the record shows that the objections were not seasonably interposed to the testimony of the state trooper concerning what he discovered by the search. In this connection the record reflects that the objections, when made, did not raise the question of whether there had been an unreasonable search, but the objections were only directed to the *filing of certain exhibits.*

The events leading to the search in question began during the evening of October 8, 1968 while Dallas Parker was driving alone in his automobile. When he reached the outskirts of the city of Berea he observed that a Studebaker Station Wagon was following his automobile. Moments later, as the station wagon was passing, Parker saw someone stick a gun out of a window of the station wagon. Parker was not able to see any of the faces of the occupants of the station wagon but he remembered having seen appellant driving the station wagon on a previous occasion. Nothing further occurred at that time, but as Parker approached downtown Berea he saw the station wagon parked along the street.

Later that night Parker was driving out of Berea when he saw the station wagon was again driving directly behind him. At that time shots were fired from the station wagon into Parker's automobile which knocked out the rear lights and window. Some of the shotgun pellets struck Parker in his back and ear. Parker was taken to the hospital and the police were notified about the shooting incident.

Shortly thereafter officer Elmond Todd saw appellant and two other men standing outside of a stalled Studebaker Station Wagon. Officer Todd testified that upon approaching these men appellant said, "My

car quit on me, do you have a jumper cable?" Officer Todd then observed that appellant and his companions were "drunk." He placed appellant and his companions under arrest and lodged them in the city jail.

Trooper Joe Johns drove to the parked station wagon, stopped his cruiser and searched the station wagon. (There is no testimony concerning whether the trooper had obtained a search warrant.) He testified that he found "a spent 12 gauge shotgun shell on the left-hand side [of the car] under the front seat." The shotgun shell was introduced in evidence as Johns' exhibit #1.

We quote from the record the pertinent part of Johns' testimony, the objections made by counsel for appellant and the court's rulings:

"D14 What kind of vehicle was there?

"A. 1959 Lark Stationwagon.

"D15 Did you make any search around that automobile?

"A. Yes.

"D16 What did that investigation reveal?

"A. In my search I found a spent 12 guage shotgun pellet on the left hand side under the seat in the front.

"D17 What did you do with that shell?

"A. I took the shell and had it, I took it to the State Police Laboratory in Frankfort.

"D18 Do you have that shotgun shell today?

"A. Yes.

"D19 Do you have it with you today?

"A. Yes

D20 Will you make that a part of your testimony and permit the Court Reporter to mark it Commonwealth's Johns Exhibit 1?

"MR. MOODY: I don't think it is competent.

"THE COURT: Overruled, let it so be marked and so marked for the purpose of identification Commonwealth's Johns Exhibit 1.

"D24 What did you then do with the shotgun?

"A. I had it analyzed as to the shotgun shell.

"D25 Is that the shotgun which is there before you that came from Mr. Beverly Johnson of the Berea City Police?

"A. Yes.

"D26 Will you introduce that gun and make it part of your testimony and permit the Reporter to mark it Commonwealth Johns Exhibit 2?

"A. Yes.

"MR. MOODY: Object.

"THE COURT: Overruled and let it be so marked.

"MR. MOODY: (Outside the hearing of the jury) I object to this if he had a search warrant to search this car and his right to search it. There is no testimony about that.

"THE COURT: Evidence is in now and we will hear proof on that later as to what effect should be given. It has been permitted to be introduced and marked in evidence. We reserve that until he questions the witness further and before you go to your cross examination."

When the cross-examination of trooper Johns was completed, the following colloquy occurred between appellant's counsel and the trial court:

"THE COURT: (Outside the hearing of the jury) The question has been raised concerning the introduction of a certain shotgun shell that was found in the left front seat of the Brown

Studebaker stationwagon. The objection was first made after evidence had been introduced.

"MR. MOODY: I objected at the time.

"THE COURT: You objected that it wasn't competent but not on the grounds it was secured by illegal search. Once it is in it would be impossible to erase it from the jury's mind. As to the shotgun the objection was overruled because it wasn't timely made."

In Futrell v. Commonwealth, Ky., 437 S.W.2d 487, we repeated our time-honored rule that:

'Violations of constitutional rights, the same as of other rights, may be waived by failure to make timely and appropriate objection. * * *. Of course in an aggravated case involving violations of such proportions as in effect to deprive the defendant of due process the appellate court may grant relief notwithstanding failure to make proper objection. * * *."

In this connection see RCr 9.22 and 10.12; also see Shockley v. Commonwealth, Ky., 415 S.W.2d 866 and Lundberg v. Buchkoe, 6 Cir., 389 F.2d 154.

Appellant's claim of prejudicial error is not reviewable because no seasonable objection was made to trooper Johns' testimony concerning what he found in appellant's automobile. We are in accord with the views expressed by the trial court that appellant's failure to timely object to Johns' testimony constituted a waiver of the alleged unreasonable search of his automobile.

With regard to appellant's objection to the filing of Johns' exhibit #1, we hold that there was harmless error in failing to exclude this exhibit. See RCr 9.24 and 9.26. Upon the whole case we conclude that appellant had a fair trial.

The judgment is affirmed.

All concur.