RENDERED:  MAY 8, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1302-MR

TIMOTHY TAYLOR                                                      APPELLANT


APPEAL FROM DAVIESS CIRCUIT COURT
v.       HONORABLE JOSEPH W. CASTLEN, III, SPECIAL JUDGE
ACTION NO. 23-CI-00371


JONATHAN SINGLETON                                                  APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ACREE AND MOYNAHAN, JUDGES.

ACREE, JUDGE:  Timothy Taylor appeals the Daviess Circuit Court's judgment following jury trial.  The jury found for Appellee Jonathan Singleton in a dispute over an oral contract for a loan and awarded him damages.  Taylor's sole argument is that the trial court erred by denying his motion to transfer venue.  We affirm.

Early in the litigation, Taylor moved for a change of venue. The only authority he cited was KRS[1] 452.105 which says *if a court* "determines that the court lacks venue to try the case . . . , the judge, upon motion of a party, shall transfer the case to the court with the proper venue." KRS 452.105 (emphasis added).

The predicate that must be satisfied to compel an order of venue transfer is a determination—the trial court's ruling—that the venue where the judge sits is improper. Taylor never gave the trial court an opportunity to satisfy that predicate by presenting some authority to support such a ruling. In fact, the record shows Taylor never argued there was such authority all the way until he filed his reply brief. There, he cited KRS 452.480 for the first time. But "[t]he reply brief is not a device for raising new issues which are essential to the success of the appeal." *Catron v. Citizens Union Bank*, 229 S.W.3d 54, 59 (Ky. App. 2006) (citation omitted).

This appeal illustrates the legal adage, "Our jurisprudence will not permit an appellant to feed one kettle of fish to the trial judge and another to the appellate court." *Owens v. Commonwealth*, 512 S.W.3d 1, 15 (Ky. App. 2017) (footnote omitted). When the grounds of the argument before this Court are "different from those asserted in the court below, [they] are not properly preserved

---

[1] Kentucky Revised Statutes.

for appellate review." *Daugherty v. Commonwealth*, 572 S.W.2d 861, 863 (Ky. 1978) (citations omitted).

We will not review Taylor's argument that KRS 452.480 says the case was tried in the wrong venue "for the simple reason that on this appeal [an] altogether different theor[y is] advanced for the first time . . . ." *Lewis v. Commonwealth*, 318 S.W.2d 857, 859 (Ky. 1958). It is axiomatic that a trial court must be given the opportunity to rule, and a party may not raise an issue for the first time on appeal. *See Kennedy v. Commonwealth*, 544 S.W.2d 219, 222 (Ky. 1976), *overruled on other grounds by Wilburn v. Commonwealth*, 312 S.W.3d 321, 327 (Ky. 2010). Taylor did not seek palpable error review. Thus, further discussion of the issue is unwarranted and would be improper.

Based on the foregoing, the October 9, 2024 Judgment for Plaintiff entered by the Daviess Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Matthew J. Baker
Bowling Green, Kentucky

BRIEF FOR APPELLEE:

Clay Wilkey
Owensboro, Kentucky